WILLIAM SCHRŒDER

*v.*

The Merchants and Mechanics' Insurance Company.

*Filed at Ottawa June 21, 1882—Rehearing denied September Term, 1882.*

1. Practice—*when summons issues, and is not delivered to officer, suit does not abate.* Where summons is sued out in a suit at law and placed in the hands of the plaintiff's attorney, who retains the same until the return day, when he gives it back to the clerk with instructions to issue another, which is issued returnable to the next term of the court, and returned duly served, the suit commenced by the issuing of the first summons will not be thereby abated, but will stand continued by law until the next term.

2. Commencement of suit—*what constitutes.* A policy of insurance provided that suit should be brought within one year after a loss, or the action barred. Within the year the plaintiff filed his *præcipe* for a summons against the insurance company, and it was issued by the clerk of the court and placed in the hands of the plaintiff's attorney, who retained the same until its return day, when he handed it back to the clerk, ordering a new writ, which was issued and served returnable to the next term thereafter. The last process was issued after the expiration of the year from the date of the loss. The defendant pleaded the limitation in the policy in bar of the action, and on the trial the court instructed the jury that the suit not having been brought within a year from the loss, the plaintiff could not recover, and a verdict was returned for the defendant: *Held,* that the court erred in the instruction, and that the suit was commenced when the *præcipe* was filed and the first summons was issued by the clerk.

3. Jurisdiction of the person of the defendant is not essential to the commencement of a suit at law, but a suit is not commenced until the court has in some manner acquired jurisdiction, either of the person of the plaintiff, or of the subject matter, or both. The court acquires jurisdiction of the plaintiff when he applies, in the form prescribed by law, for its assistance to compel the defendant to render him his rights. This is done where the plaintiff files his *præcipe* for the process he desires, and the court also acquires jurisdiction over the subject matter. The court then has power to carry on the case and see that the defendant is brought into court, and if the clerk refuses to issue the summons for that purpose the court may compel him to do so.

4. Jurisdiction—*defined.* Jurisdiction in a court is the power to hear and determine a cause. It is *coram judice* whenever a case is presented which brings this power into action. The filing of a *præcipe* for a summons in a suit at law brings this power into action, and it, or the law through the clerk, then acts by the issuing of the summons, and a suit is commenced as soon as there is action, or the law requires action.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. John G. Rogers, Judge, presiding.

Messrs. Rosenthal & Pence, for the appellant:

As to when and what is the commencement of a suit: *Kruse* v. *Wilson*, 79 Ill. 238; *Bush* v. *Hanson*, 70 id. 482; *Burnap* v. *Wright*, 14 id. 303; *Fowler* v. *Sharp*, 15 Johns. 326; *Cheetham* v. *Lewis*, 3 id. 22; *Society, etc.* v. *Whitcomb*, 2 N. H. 227.

The plaintiff, by filing his *præcipe*, moved the court for a summons. The court, through the law, acted, and made and issued a summons. The suit so commenced was not discontinued, but being undisposed of, was continued by operation of law to the next term of court. Rev. Stat. chap. 37, sec. 56.

The defendant entered a general appearance, thereby waiving all objection to the manner it was brought into court. *Easton* v. *Altum*, 1 Scam. 250; *Crull* v. *Keener*, 18 Ill. 65; *Flake* v. *Carson*, 33 id. 518; *Dunning* v. *Dunning*, 37 id. 316; *Roberts* v. *Formhalls*, 46 id. 66; *Baldwin* v. *Murphy*, 82 id. 485; *Watson* v. *Corse,*, 86 id. 46.

Messrs. Jussen & Anderson, also for the appellant:

In this State the suing out of a summons, even though it be not returned by the sheriff, is the commencement of the suit, if the plaintiff subsequently appear and plead in the action. Nor is the delivery of the writ to the sheriff essential to the commencement of the suit. *Collins* v. *Montemy*, 3 Bradw. 183; *Feazle* v. *Simpson*, 1 Scam. 30.

Upon the matter of the commencement of actions, and the practice in respect thereto, counsel cited Hurd's Stat. 1881, chap. 110, sec. 1; chap. 25, sec. 16; Rev. Stat. 1874, chap. 53, secs. 9, 15, 33.

The return of the writ here is not "of record," as it was under the former English practice, as is laid down in Tidd, vol. 1, p. 161, and in *Bates* v. *Jenkinson*, 24 Geo. 3, quoted in *Harris* v. *Woolford*, 6 T. R. 618; 3 Ch. Pr. 139. But now,

under the act of Parliament, (2 W. 4, C. 39, sec. 4,) the suing out of the summons is the commencement of the suit for every purpose. *Alston* v. *Underhill,* 1 Cromp. & M. 492.

Mr. P. H. Smith, Jr., and Mr. H. J. Peet, for the appellee:

A suit is not legally commenced, so as to save the bar of the Statute of Limitations, until the summons is sued out and placed in the hands of the proper officer to be served, or placed in his office, or transmitted to him for service. *Hecla Ins. Co.* v. *Schrœder,* 9 Bradw. 472; Angell on Limitations, sec. 312; *Hancock* v. *Ritchie,* 11 Ind. 48; *Evans* v. *Galloway,* 20 id. 479; *Burdick* v. *Green,* 18 Johns. 14; *Ross* v. *Luther,* 5 Cow. 158; *Lamkin* v. *Nye,* 43 Miss. 241; *Davis* v. *Duffie,* 18 Abb. Pr. 360; *Webb* v. *Peel,* 1 Paige, 564; *Hayden* v. *Bucklin,* 9 id. 512; *Updike* v. *Ten Brœck,* 32 N. J. L. 105; *Bronson* v. *Earle,* 17 Johns. 63; *Mason* v. *Cheney,* 47 N. H. 41; *People* v. *Clark,* 33 Mich. 112.

Where a party attempts at law to avoid the application of the Statute of Limitations, by showing that the first writ was sued out in time for that purpose, although the subsequent one was after the time, he must show the first writ not only to have been issued, but to have been returned. *Prindiville* v. *Maydwell,* 7 B. Mon. 314; *Harris* v. *Woodford,* 6 T. R. 617; *Barkins* v. *Wilson,* 6 Cow. 471; *Davis* v. *West,* 5 Wend. 63; *Soulden* v. *Van Renssalaer,* 3 id. 472.

Mr. Justice Walker delivered the opinion of the Court:

Appellant sued appellee in assumpsit, to recover for loss by fire on a policy of insurance. The policy contained a clause that no suit or action against the company to recover for loss thereunder shall be sustained, "unless such suit or action shall be commenced within twelve months next after the loss shall occur;" and if it should be commenced after that time, "the lapse of time shall be taken as conclusive evidence against the validity of the claim, any statute of

limitations to the contrary notwithstanding." Before the expiration of twelve months after loss plaintiff sued out a summons against appellee. The clerk docketed and numbered the suit, and handed the summons to plaintiff's attorney, but he failed to place it in the hands of an officer for service. At the return term the attorney handed the writ back to the clerk, with directions to issue another to the next term, which he did, and it was duly served, and so returned. Defendant appeared and pleaded the general issue, and pleas that the suit was barred under this clause in the policy. Subsequently a trial was had, and it appeared that twelve months after the loss expired between the dates of the issuing of the two writs, and under an instruction of the court the suit was not commenced until the suing out of the second summons, and the jury found a verdict against plaintiff, and after a motion for a new trial was overruled, a judgment was rendered on the verdict. Plaintiff thereupon removed the case to the Appellate Court, where the judgment was affirmed, and he brings it by appeal to this court, and urges a reversal.

The single question presented for decision is, whether the suing out of the first summons was a commencement of the suit, or was it the latter, placed in the hands of the sheriff, and duly served. It is urged, that even if the suit was commenced by issuing the first summons, as it was not delivered to the sheriff, and returned by him, the suit abated, and the bar became complete before the next was issued. This proposition is not maintainable. The 56th section of the chapter entitled "Courts," provides that all proceedings pending and undisposed of in any of the enumerated courts at the end of each term shall stand continued until the next term. If this suit was commenced by the first summons, it was pending, and if so, it was clearly within the provision of this section, and continued.

Then was the suit commenced by issuing the first summons? We think it was. What is the commencement of a

suit? It is not claimed that it is the service of process on the defendant. It is believed that no case can be found that holds the suit is not commenced until service, or appearance of defendant. We may therefore conclude that jurisdiction of the person of the defendant is not essential to the commencement of a suit. But it is apparent that a suit is not commenced until the court has in some manner acquired jurisdiction of something in relation to the controversy. It must, therefore, be over the person of the plaintiff, or the subject matter, or both. The court acquires jurisdiction of the plaintiff when he applies for its power and assistance to compel the defendant to render him his rights under the law; but this aid must be sought according to prescribed forms, and under our practice that form requires that he file with the clerk of the court a *præcipe* for the process he desires. This is an application, in its nature, to the court to send its process to require the defendant to appear at a subsequent term to defend the action. The court clearly has jurisdiction of the plaintiff when he thus invokes its aid. When he thus submits his person to the court, he, by asking its aid, gives the court jurisdiction over the subject matter in controversy, and confers power to adjudicate and determine his rights thus submitted. In this manner the court becomes possessed of jurisdiction of the person of the plaintiff and of the subject matter, and when so possessed it becomes the duty of the court to commence and carry on the power to bring the defendant into the court, that the case may be heard; and the rights of the parties in the matter thus brought before the court may be judicially and conclusively determined. It therefore follows, that when the plaintiff submits himself and the subject matter to the jurisdiction of the court, and the court or law commences acting under his claim for its investigation, he has commenced his suit. When he puts the court or its instruments in motion under his claim, his action is commenced. All done in the case sub-

sequently is but a continuation of the action he thus started, until the final end of the action or suit. .

Jurisdiction has been defined to be: "The power to hear and determine a cause. * * * It is *coram judice* whenever a case is presented which brings this power into action." (*Bush* v. *Hanson*, 70 Ill. 480; *United States* v. *Anedando*, 6 Pet. 709.) The *præcipe*, when filed, brought the power of the court into action, and it, or the law through the clerk, did act by issuing the summons, and the suit was commenced as soon as there was action, or the law required action. Had the clerk, on the *præcipe*, refused to issue the summons, on a proper application the court would have compelled him to act. Now, the court is powerless to act until it acquires jurisdiction, and plaintiff has commenced his suit when he has possessed the court of jurisdiction and power to act in the case.

But the question is not a new one in this court. In the case of *Burnap* v. *Wight*, 14 Ill. 303, it was held that where a writ of error and a *scire facias* to hear errors were sued out within five years of the rendition of the judgment, but the *scire facias* was not delivered to the sheriff or served until the five years had expired, the issuing of the writ was the commencement of the suit, and a plea of the Statute of Limitations would not bar the action. There the writ of *scire facias* was not delivered to the sheriff for service, nor was the writ of error placed in the hands of the clerk to whom it was directed, before the expiration of five years after the rendition of the judgment sought to be reviewed. Hence it was there held that it was the suing out of the writ, and not its delivery to the officer for service, that was the commencement of the suit. We regard that case as conclusive of this question.

Again, in the case of *Feazle* v. *Simpson*, 1 Scam. 30, the question was before the court as to when a suit was commenced. It was there held that "the issuing of a summons

is the commencement of a suit." It is true that the question of the bar of an action by limitation was not under consideration, but the question was whether a suit for malicious prosecution was prematurely brought, the summons in the latter case having been issued before the prosecution had come to an end. It was held the suit was brought too soon, and could not be maintained. Thus it will be seen that the question was presented for determination, and the decision of the case turned upon it.

The legislature has not in terms declared what is the commencement of a suit at law. It, by the first section of the Practice act, provides that the first process in such cases shall be a summons, or, in some cases, a *capias;* but the chapter entitled "Chancery," by the 4th section provides, in terms, that "the mode of commencing suits in chancery shall be by filing a bill of complaint with the clerk of the proper court, setting forth the nature of the complaint." This neither requires a summons, nor that it be delivered to the sheriff, nor service, to be the commencement of the suit. This is, in such cases, the expression of the authoritative will of the law-making power, and why should we suppose that body intended that in the commencement of an action at law there should be more than a *præcipe* filed and a summons issued? We can not reasonably suppose that body intended that the bar of the statute should be arrested in the one case by merely filing a bill of complaint, and in the other require more than the issuing of a summons. The rule as to the mode of its arrest should be the same in both proceedings.

The ancient common law practice has been referred to as bearing on this question. That has never prevailed in this State. Our practice has from the first been regulated by statute, substantially as it is at present. Moreover, the practice of the English court, until simplified by modern statutes, was intricate, artificial, and highly technical. It had fictions

and useless forms that rendered it cumbersome, that were not adapted to the promotion of justice,—the great purpose for which courts were created and are maintained. But even under that system there are decisions that in principle hold the issuing and return of a writ or *latitat* arrested the running of the statute. In *Harris* v. *Woolford*, 6 T. R. 618, it was held if the writ was issued and returned by the sheriff, the suit was commenced. Afterwards the 2 W. 4, c. 39, sec. 12, was adopted, and it, like our statute, required the precise day of issuing *mesne* process to be inserted therein, and the rule of Hil. Term, 4 W. 4, required the issue and record and writ to state the text of the writ in those proceedings. (Chitty's Practice, vol. 3, p. 139.) And these rules require that, in making up the record for *nisi prius*, the date of the first writ must be inserted. In *Alston* v. *Underhill*, 1 Cromp. & M. 492, it was held, that "since the late act of Parliament there is no doubt that the suing out the summons is the commencement of the suit for every purpose."

There are cases in the New York courts which hold that the summons must be issued and delivered to the sheriff for service,—in fact, this seems to be the rule in their courts. But the rule is not inflexible. It is merely a rule of evidence to prove the intention of the plaintiff to implead the defendant. So, in *Beekman* v. *Satterlee*, 5 Cow. 525, where the plaintiff handed the summons to the sheriff, with the direction not to serve it, the court held this manifested the intention to sue, and stop the running of the statute, and it had that effect. So in that State, all that is required is, that the issuing of the writ shall be with the intention to commence the suit. In the case of *Gardner* v. *Webber*, 17 Pick. 407, it was held that where the writ was filled up before, but not served until, the time of the bar of the statute had run, the action was commenced in time. In *United States Bank* v. *Lyle*, 10 Gill & Johns. 326, it was held that the docketing of the action, with directions to the clerk to issue process,

is the commencement of the action, and saves it from the bar of the statute. So it was held in *Hail* v. *Spencer*, 1 Angell, R. G. 17, that the issuing of the writ saved the action from the bar of the statute.

There are other courts that hold, with the New York courts, that the writ must be issued, placed in the hands of and returned by the sheriff, to show an action was commenced when the writ was issued; but quite as many and as respectable courts hold that the suit is commenced when the summons is issued, and we think they are supported by better reason, and believing so, we can not overrule the former decisions of this court. We therefore must hold that this action was brought in time to prevent the bar specified in the policy, and the circuit court erred in the instruction given to the jury, and the Appellate Court in affirming the judgment of that court.

The judgment of the Appellate Court is reversed and the cause remanded.

*Judgment reversed.*

Mr. JUSTICE MULKEY, dissenting:

I do not believe a party, by merely taking a summons out of the clerk's office, without delivering it to some one authorized by law to serve it, and keeping it under his own control for a while, and then returning it into the clerk's office, as was done in this case, can thereby arrest the running of the Statute of Limitations, and for this reason I respectfully dissent from the opinion of the majority of the court in this case. It is true this court has frequently said that the issuing or suing out of a summons is the commencement of a suit, but I hold the mere writing, signing and sealing of the writ, and placing it in the hands of the plaintiff or his attorney, by the clerk, is not, within the meaning of our limitation laws, the issuing or suing out of a writ. In addition to this, it must, in my judgment, be placed in good faith into

the hands of the proper officer for service. To hold other-
wise, it seems to me, is to place it in the power of a party to
arrest the running of the statute indefinitely, till the defend-
ant's witnesses die, or remove to parts unknown, and by this
means the grossest injustice might be perpetrated. The
conclusion of the lower courts being in accord with my own
views on the question, I think the judgment of the Appellate
Court should be affirmed.