WILLIAM E. REAVIS, Appellant, v. FARMERS' MUTUAL FIRE
INSURANCE COMPANY, ETC., Respondent.

### Kansas City Court of Appeals, January 2, 1899.

1. **Insurance**: DEFINITIONS: GRAIN V. BROOM CORN. The term "grain"
in an insurance policy is comprehensive enough to include broom
corn in the bale but it will not cover the baled panicles from which
the seed has been threshed.

2. ——: CONSTRUCTION OF CONSTITUTION: AMOUNT OF RISK. A pro-
vision in a constitution of a mutual insurance company that "no risk
shall be taken in no case to exceed two thirds of the cash value of
the property insured," means that no risk shall be taken in any case
to exceed two thirds of the cash value of the property insured.

3. ——: CONSTRUCTION OF POLICY: AMOUNT INSURED. A constitu-
tional provision does not limit the amount insured to two thirds of
the loss, but under the certificate issued in this case the company
was liable for the whole loss to the amount therein named.

*Appeal from the Pettis Circuit Court.*—HON. G. F.
LONGAN, Judge.

REVERSED AND REMANDED.

CHARLES E. YEATER for appellant.

(1) The broom corn lost by the plaintiff comes within
the meaning of the word grain as used in the policy, even
from the standpoint of the critical lexicographer. 2 Uni-
versal Dictionary of the English Language (1898), p. 2364,
*vide* grain (2); 3 American Encyclopedic Dictionary (1895),
p. 2057, *vide* grain. (2) In an insurance policy, the law
gives the word grain a broad meaning, under the rule of a
liberal construction, and holds it to include whatever is
usually raised as a crop on a farm, and stacked or put in a
barn or granary. Hewitt v. Ins. Co., 55 Iowa, 323; s. c.,

39 Am. Rep. 174; Rapalje & Lawrence Law Dictionary, word grain; Norris v. Ins. Co., 65 Mo. App. 638; American Cyclopedia, *vide* broom corn. (3) The language and classification of the policy, and the classification of article I, of the constitution, and section 7, of the by-laws, together with the application, which, by its express terms was a part of the policy, show that the intention of the parties in the light of the surrounding circumstances was to insure the broom corn as grain. Renshaw v. Ins. Co., 103 Mo. 604; Brewing Co. v. Ins. Co., 63 Mo. App. 667; Straus v. Ins. Co., 94 Mo. 189. (4) If there is any doubt of the meaning of the policy, that doubt must be resolved in favor of the policy-holder. LaForce v. Ins. Co., 43 Mo. App. 530; Hale v. Ins. Co., 46 Mo. App. 511; Hoffman v. Indemnity Co., 56 Mo. App. 308; Ethington v. Ins. Co., 55 Mo. App. 134. (5) Defendant's second instruction to the effect that plaintiff could not recover more than two thirds of the cash value of the destroyed property, is improper because it can not be based on article 15 of the constitution, inasmuch as that article by the use of two negatives merely provides that every risk shall be taken for an amount in excess of two thirds of the cash value of the property insured, and in any event provides only a rule for taking a risk, and not for paying it after it is once taken.

BARNETT & BARNETT for respondent.

(1) Broom corn is a grass, and is not grain, in any sense of the word. See definitions of broom corn and also of grain in the following dictionaries: Webster's International Dictionary, Universal Dictionary of the English Language. Norris v. Ins. Co., 65 Mo. App. 638. (2) The broom corn in this case, could not be considered grain because it was not raised for the seed, this being the test in doubtful cases. Hewitt v. Ins. Co., 55 Iowa, 323. (3) The

broom corn destroyed in this case, being stripped of seeds, stalks and leaves, and being unfit for animal food, had no element of grain, under any of the decisions cited in appellant's brief. Grain signifies corn in general or the fruit of certain plants which constitute the chief food of man and beast, as wheat, rye, barley, oats and maize. 8 Am. and Eng. Ency. of Law [1 Ed.], page 1411, and authorities there cited. (4) There is nothing in the policy, in the application, or in the evidence to indicate an intention upon the part of defendant to insure broom corn as grain. (5) The court committed no error in giving instruction number 2 on behalf of defendant, limiting the amount of recovery to two thirds of the property insured and destroyed. The policy so limits the recovery. Article 15 of the constitution clearly limits the authority of the company to insure in an amount exceeding two thirds of the cash value. Froehly v. Ins. Co., 32 Mo. App. 302.

SMITH, P. J.—This is an action brought by the plaintiff against the defendant, a mutual fire insurance company incorporated under the laws of this state, on a certificate issued to the plaintiff by the defendant. The plaintiff made a written application to the defendant for insurance which contained the following specification, viz: "On grain in granaries or in barns, or cribs, or in dwellings or in stacks on cultivation land, etc. Valuation $2,150. STATEMENT. Insurance $1,400." Situate on a certain quarter section of land. The certificate sued on recites that the defendant insured the plaintiff against loss by fire on the following specified property, viz: "On grain $1,400."

The itemized statement of the plaintiff's loss, as appears form his proofs, was as follows: "1. 145 bales broom corn of 300 lbs. each, at $60 per ton. 2. 1860 bu. corn at 22c per bu. 3. 20 tons hay at $5 per ton. $1,902.

$1,400. 4. 200 bu. oats at 20c per bu. 5. 100 bu. millet seed at 50c per. bu."

The principal complaint made here by the plaintiff arises out of the action of the trial court in the giving of one instruction for the defendant which told the jury that the broom corn referred to in the evidence was not insured under the certificate and that, therefore, plaintiff was not entitled to recover therefor. The plaintiff's contention is that, the term "grain," as employed in the certificate, is comprehensive enough in its signification to include "broom corn" in the bale. It seems to us that the authorities to which we have been. referred in the briefs of counsel make it quite clear that the plaintiff is right in his contention to the extent that such a descriptive term in a policy of insurance is sufficiently generic in its signification to include "broom corn." But we have been referred to no authority that lends sanction to the proposition that the panicles, after the same have been cut from the top of the stalks, the seed threshed therefrom and placed in bales ready to be shipped to market, are comprehended in the definition of the term. It appears from. the evidence that broom corn is planted and cultivated like maize or common corn and that as soon as it is mature the panicles are cut off with a stalk some eight or ten inches in length. The seed or grain is then threshed therefrom, after which they are placed in bales of convenient size for handling. This was the condition of the plaintiff's broom corn when the certificate was issued to him.

*INSURANCE: definitions: grain v. broom corn.*

It would no more do to say that broom corn is grain than it would to say that the straw of wheat, oats, rye or millet, after the grain has been threshed therefrom and it has been placed in bales for the convenience of handling in

shipping to market, is grain. After the seed is removed from the stalks or stems of cereal grasses the latter ceases to be grain in any sense of that term. They are severed from that which brought them within the designation. They no longer have any of the qualities of grain. They become something else. There is nothing in the application or policy to authorize the conclusion that it was the intention of the parties thereto to insure the plaintiff's baled broom corn. The rule declared in LaForce v. Ins. Co., 43 Mo. App. 530, and other cases referred to, which is invoked by plaintiff, can have no application here for the reason that the meaning of the language employed in describing the subject of the risk is not of doubtful import. No error is therefore perceived in the action of the court in giving the defendant's instruction hereinbefore referred to.

The plaintiff further objects that the court erred in its action in giving the defendant's second instruction which was to the effect that under the terms of the certificate sued on the plaintiff was not entitled to recover more than two thirds of the cash value of the property insured and destroyed. It was provided in article 15 of the defendant's constitution: "No risk shall be taken in no case to exceed two thirds of the cash value of the property insured, including the insurance of other companies." It is an elementary rule of construction that phrases and sentences are to be construed according to the rules of grammar and that from such construction it is —: construction of constitution: amount of risk. not allowable to depart unless adequate grounds are found, either in the context or in the consequences which would result from the literal interpretation, for concluding that interpretation does not give the intention of the law maker. Endlich on Interp. Stat., sec. 2. The articles of the defendant's constitution from which we have just quoted, when gram-

matically construed, must be held to mean no more than that no risk shall be taken in any case to exceed two thirds of the cash value of the property insured, including the insurance in other companies. Two negatives in the same sentence are equivalent to an affirmative is an undisputed rule of syntax. It is not seen that the said language of the defendant's constitution, as interpreted by us, is thereby made to express an intention different from that intended by the framers thereof. The defendant is prohibited by the very terms of its constitution from insuring any property for more than two thirds of its cash value, including insurance in other companies. It is not insisted that the defendant violated this prohibition of its constitution. The proofs of loss hereinbefore referred to show that the damage occasioned by the fire to plaintiff's grain was at least one third more than was found by the jury under the defendant's instruction.

As we understand the language of the defendant's certificate it bound itself thereby to pay the plaintiff whatever loss he sustained in consequence of the destruction of the property covered by the certificate, not to exceed $1,400. If the loss was only partial it was bound to pay such partial loss up to $1,400. Its liability was not limited to two thirds of the loss but it was liable for the whole loss if it did not exceed $1,400. There is nothing in the language of that part of the defendant's constitution under consideration that countenances the idea that the defendant, in case of fire, was only liable for two thirds of the damage occasioned thereby. It is true that in the next succeeding sentence of said article 15 it is provided, "That in case of other insurance this company shall pay its *pro rata* of two thirds of the value of the property lost." But as there was no other insurance in this case the limitation on defendant's liability

*——: construction of policy: amount insured.*

is without application.   The limitation is restricted in its
application to those cases only where there is other insur-
ance.

It may seem quite illogical that the defendant should
be liable for the whole loss provided it does not exceed the
amount of the insurance named in the certificate where
there is no other insurance, and for only its *pro rata* two
thirds of the *value of the property lost* where there is other
insurance.   It is a sufficient answer to this to say that the
defendant itself has so provided in its constitution, and that
must serve as our guide in determining the extent of its
liability for the loss under the certificate.   The defendant's
second instruction is therefore incorrect in expression and
the giving of which by the court was such an error as
requires us to reserve the judgment and remand the cause,
which is so ordered.   All concur.