## Otto L. Schmidt and Wolfram C. Fuchs v. Frank V. Balling.

1. INSTRUCTIONS—*Must Be in Accord with the Declaration.*—An instruction which has no support in any allegation of the declaration or presents a different case from that declared on, is erroneous.

2. LIMITATIONS—*What is to Be Regarded as the Commencement of a Suit.*—The issuing out of a writ of summons, irrespective of whether it is or is not delivered to the sheriff for service, constitutes the commencement of a suit in this State.

3. PARTNERSHIP— *Existence of, a Question of Law.*—It is a question of law for the court whether a partnership exists under a given state of facts.

4. JURY—*Limited to the Determination of Facts.*—The jury are to be limited to the determination of facts; questions of law are not to be submitted to them for their consideration.

**Trespass on the Case.**—Negligence in the application of X-Ray process. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Reversed and remanded. Opinion filed October 10, 1900.

LORENZO C. BROOKS, attorney for appellants; JOSEPH B. MANN, of counsel.

STIRLEN & DICKSON, attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion of the court.

The appellants, Otto L. Schmidt and Wolfram C. Fuchs, were sued, jointly with Frederick M. Schmidt, and the

Roentgen X-Ray Laboratory, a corporation, in an action on the case by the appellee to recover damages for injuries alleged to have been inflicted upon him by exposing him, negligently, to an application of the so-called X-Ray process. No case being made against Frederick M. Schmidt and the laboratory, the suit as to them was dismissed by the plaintiff.

A judgment of $7,000 against the remaining defendants, the appellants, was recovered, and this appeal has followed.

The judgment having to be reversed for reasons to be hereinafter stated, we will not refer to the evidence further than to say that the plaintiff (appellee) having been injured in his right ankle, the application of the X-Ray process was resorted to by him to discover and locate the cause of resulting stiffness and ailment in his ankle.

The theory of the declaration, in each count, is that appellants were principals and jointly engaged in the business of taking X-Ray photographs, and that they were employed jointly by appellee.

Because of another trial being required we expressly avoid affecting its result by an opinion by us of what is shown by the evidence in respect of such joint relationship between the appellants. The eleventh instruction given to the jury at the request of appellee is upon a different theory of the case and is not supported by any count of the declaration. It is as follows:

"(11.) The court instructs the jury that if they find from the preponderance of the evidence that Otto L. Schmidt was the owner of the X-Ray Laboratory in question, and that Wolfram C. Fuchs was employed by said Schmidt to run said laboratory and operate the X-Ray apparatus for him, and that said Fuchs was merely the agent or employe of said Schmidt in running said laboratory and business, and that Wolfram C. Fuchs was, on the day in question, while exposing the X-Ray to the foot and ankle of the plaintiff, then acting within the scope of his employment, and if you further find from a preponderance of the evidence that defendant Fuchs was guilty of negligence as charged in the declaration, then you will be warranted in finding both defendants guilty."

An instruction that presents to the jury a different case from that declared on is erroneous.

Besides, having no support in any allegation in the declaration, this instruction which proceeds upon the theory that a principal and his servant are liable jointly in an action in case for the torts of the servant while acting in the scope of his employment, is in direct opposition to the law as laid down in Herman Berghoff Brewing Company et al. v. Przbylski, 82 Ill. App. 361.

In view of our purpose not to discuss the evidence to the injury of either side at the next trial, we must stand content with the remark that the instruction was most material and injurious to the appellants, and that because of it the judgment must be reversed.

Much stress in argument by appellant is laid upon the action of the court below in sustaining demurrers to appellants' pleas of the statute of limitations, both as to the accrual of the cause of action set up in additional counts to the declaration, and as to the commencement of the suit.

With reference to the first, we are satisfied from a comparison of the additional counts against which the pleas were directed with the original counts, that the additional counts did not set up a new cause of action, but amounted to no more than a restatement, in different form and words, of the same duty, the same negligence and the same injury originally declared upon.

With reference to the second point, concerning the commencement of the suit, although the authorities are not in strict harmony as to what constitutes the commencement of a suit, so as to avoid the statute of limitations, we regard our Supreme Court as being clearly committed to the doctrine that the issuing out of a writ of summons, irrespective of whether or not it is delivered to the sheriff for service, constitutes the commencement of a suit. Chicago and Northwestern Railway Company v. Jenkins, 103 Ill. 588; Schroeder v. Mer. and Mech. Ins. Co., 104 Ill. 71, and cases there referred to.

The only remaining question we feel called upon at this

time to review is the one presented by the modification of the eleventh instruction offered by the appellants by inserting a word which seems to have made it incumbent for the jury to say whether or not certain facts, if proved and believed by the jury, amounted to a contract of partnership between the appellants.

It is a question of law for the court and not of fact for the jury, whether a partnership exists under a given state of facts. No rule of law is better settled than that the jury should be limited to the determination of facts, and that questions of law should not be submitted to them for consideration. Fame Ins. Co. v. Mann, 4 Ill. App. 485.

Whether the instruction as offered should have been given is doubtful, and could only be decided by us by referring to and passing upon the evidence; but it is plain that the modification of it by the court made it bad.

The judgment will be reversed and the case remanded for another trial. Reversed and remanded.