## James Rich v. Camilla Scalio.

### Gen. No. 11,259.

1. STATUTE OF LIMITATIONS—*how question of, raised at law.* At law, the Statute of Limitations cannot be interposed as a bar by demurrer to a declaration or by motion in arrest of judgment; such defense must be made by way of plea setting up the statute.

2. COMMENCEMENT OF SUIT—*what is.* The issuance of a summons, at law, is deemed the commencement of the action, and is sufficient to prevent the running of the Statute of Limitations, notwithstanding it was never delivered to the sheriff for service.

Rich v. Scalio.

3. SLANDER—*when declaration in, sufficient after verdict.* A declaration which charges the speaking of slanderous words in the Italian language, but which does not aver that the hearers understood the meaning of such words, is defective, but after verdict is sufficient.

Action on the case for slander. Error to the Circuit Court of Cook County; the Hon. JOHN L. HEALY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Affirmed. Opinion filed July 12, 1904.

STORY, RUSSELL & STORY, for plaintiff in error.

GEMMILL & FOELL, for defendant in error.

MR. JUSTICE STEIN delivered the opinion of the court.

This was an action for slander wherein, after trial before a jury, the defendant in error recovered a judgment of $250 against plaintiff in error, who now assigns various errors.

First. The slanderous words are alleged in the declaration to have been spoken April 30, 1901. Summons issued May 16, 1901, but was not delivered to the sheriff for service. An alias issued December 6, 1902, and was served seven days later. The declaration was filed January 9, 1903. Actions for slander must be ·brought within one year after the cause of action accrues (Rev. Stat., sec. 13, ch. 83); and it is now contended that notwithstanding the summons issued within the year the action should be regarded as barred by the Statute of Limitations because the summons was not delivered to the officer for service, and no alias issued until after the expiration of the year. To this contention there are two answers. In the first place, plaintiff in error filed no plea setting up the statute. This was the only proper way of raising the question. He could not raise it by demurrer to the declaration or by motion in arrest of judgment. Gunton v. Hughes, 181 Ill. 132; Wall v. C. & O. R. R. Co., 200 Ill. 66. Secondly, even if the statute had been pleaded, it would not have availed. The issuing of the summons must be deemed as a commencement of the action and sufficient to prevent the bar of the statute from arising, although the summons was

never delivered for service.   Schroeder v. Ins. Co., 104 Ill. 71; McKee v. Allen, 94 Ill. App. 147; Schmidt v. Balling, 91 Ill. App. 388.

Second.   The slanderous words were spoken, as appears from the declaration, in the Italian language; but there was no averment that they were understood by any one in whose presence they were spoken.   Had this objection been urged upon demurrer, it would have been good.   It is not presumed that the hearers understand any language other than the vernacular of the country.   Here the objection is raised for the first time upon motion in arrest of judgment, and cannot be sustained unless it can properly be said that the declaration discloses no cause of action. That the words alleged to have been spoken were actionable is not denied.   We are therefore dealing with the defective statement of a cause of action, and not with the statement of a defective cause of action.   The defect was cured by verdict.   The issue joined was such as necessarily required proof of the omitted allegation.   Illinois Steel Co. v. Mann, 197 Ill. 186; Keegan v. Kinnare, 123 Ill. 280; Cribben v. Callaghan, 156 Ill. 552; Compton v. People, 86 Ill. 176; B. & O. S. W. Ry. Co. v. Then, 159 Ill. 535.   The case last cited was a suit by an administrator to recover damages for the negligent killing of his intestate.   There was no averment in the declaration that the deceased was in the exercise of due care at the time of the accident; yet the motion in arrest of judgment was held properly overruled, the court saying (p. 537):   "It is not to be presumed the jury would have given the verdict, or that the court would have sustained it without evidence tending at least to establish the fact of due care on the part of the deceased."

The judgment of the Circuit Court is affirmed.

*Affirmed.*