## St. Louis & Springfield Railway Company v. Katherine M. Homer.

RES IPSA LOQUITUR—*when doctrine of, applies.* As between passenger and carrier, a presumption of negligence arises upon proof of an injury arising from an accident which in the ordinary course of things would not occur.

Action in case for personal injuries. Appeal from the Circuit Court of Macoupin county; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the May term, 1907. Affirmed. Opinion filed December 7, 1907.

RINAKER & RINAKER, for appellant.

TRUMAN L. CROWDER and JESSE PEEBLES, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

Appellee recovered a verdict and judgment against appellant for $1,000 as damages for personal injuries alleged to have been sustained through the negligence of appellant. The declaration consists of three counts. The first count alleges that it was the duty of appellant to safely carry appellee, a passenger, from Carlinville to Girard, and that appellant, disregarding its duty in that behalf, negligently caused its car to be thrown from the track, thereby injuring appellee, etc. The second count charges that appellant negligently, recklessly and wilfully ran its car at the dangerous rate of speed of twenty-five miles an hour around a curve, thereby causing the car to leave the track, and the third count charges that the servants of appellant in charge of the car were exceeding the speed limit prescribed by the ordinance of the city of Carlinville, whereby the car was thrown from the track, etc.

At the time of the accident appellant's main line of electric railroad was not completed across the tracks of the Chicago & Alton Railway Company north of the

city of Carlinville, and passengers on appellant's line
from Carlinville to stations north were carried to its
main line or to a point near the terminus of its main
line, over a temporary track by means of an old elec-
tric street railway car operated by appellant.

On January 10, 1906, appellee was a passenger on
appellant's line of railroad from Carlinville to Girard,
and entered the old street railway car above mentioned
for the purpose of being carried to the terminus of
appellant's main line. After the car left the station
at Carlinville and before reaching its terminus, and
while it was running around a curve, it left the track
and turned over on its side, and appellee was thereby
injured.

It is conceded that the car was under the control of
appellant and it is manifest, from the evidence in the
record, that in the ordinary course of things the ac-
cident would not have happened had the servant of
appellant in control of the car exercised proper care.
Under such circumstances the doctrine of *res ipsa
loquitur* applies. I. C. R. R. Co. v. Swift, 213 Ill. 307.
Appellant offered no evidence whatever explanatory
of the accident, and the presumption of negligence on
the part of appellant created by the accident, was not
rebutted save by the evidence of two witnesses, em-
ployes of appellant, to the effect that at the time the
car was derailed it was not running to exceed five miles
an hour. Upon the whole evidence the jury were
clearly warranted in finding that at the time of the
accident the car was running at a speed of from fifteen
to twenty miles an hour.

By an ordinance of the city of Carlinville the speed
of passenger trains or cars, within the limits of the
city, was limited to ten miles an hour. It is insisted
that such ordinance was improperly admitted in evi-
dence because there is no evidence as to the rate of
speed of the car at any point shown to be within the
city limits. While it may be doubtful, under the evi-

dence, whether the point at which the car was derailed was within the limits of the city of Carlinville, there is evidence tending to show that the car was running at a speed in excess of ten miles an hour within the city limits immediately before it was derailed. We do not think the court erred in admitting the ordinance in evidence, but if it did, the liability of appellant is so clearly established upon other grounds, that the admission of the ordinance could not have operated to its prejudice.

Other objections urged to the admission of certain evidence and the giving of certain instructions offered on behalf of appellee are so trivial and untenable that they do not merit discussion.

The only serious question in the case arises upon the assignment of error that the damages awarded to appellee are grossly excessive. The evidence tends to show that as a result of the accident appellee suffered an injury to her right eye, to the bone above the eye and the supra orbital nerve; that she also suffered an injury to her right arm, and that her nervous system was shocked. Appellee was engaged as an assistant in an abstract office, and prior to her injury her earnings averaged $75 a month. She incurred considerable expense for medical treatment and was unable to use her arm to any considerable extent for six months after her injury. At the time of the trial, in September, 1906, appellee still suffered pain as a result of her injury, and the evidence leaves the mind in doubt as to her complete recovery.

We are not prepared to say that the damages awarded appellee are so excessive as to justify a reversal of the judgment, or to require a *remittitur*.

The record is free from prejudicial error and the judgment will be affirmed.

*Affirmed.*