### G. O. Coen et al., Appellants, v. The Denver Township Mutual Fire Insurance Company, Appellee.

1. INSURANCE—*what need not be alleged in action upon fire policy.* It is not necessary for the insured to allege the character of title or interest in the property stated in the policy or application; only an interest in the property to the amount of the plaintiff's claim need be set up.

2. INSURANCE—*when allegations as to furnishing of proofs of loss sufficient.* If the policy sued on does not specify a time limit for the making of proofs or the character of such proofs, an allegation in the declaration is sufficient which is to the effect that the plaintiffs, at certain specified times, delivered to the company "as particular an account of said loss and damages as the nature of the case would admit."

3. INSURANCE—*how question of what is covered by fire policy determined.* Whether what is known as "red top seed" is grain within the meaning of a fire insurance policy, is a question of fact to be determined by the jury.

4. INSURANCE—*how policies construed.* Policies of insurance are construed most favorably for the insured in cases of doubt or uncertainty.

5. INSURANCE—*what insured required to allege and prove.* In an action upon a fire policy the plaintiff is only required to allege and prove such matters as appear to be conditions precedent in the policy. If the application contains false representations or warranties as to title, or other matters, the company, to avail of such a defense, must plead the same specially.

6. STATUTE OF LIMITATIONS—*how defense availed of.* The statute of limitations, at law, must be raised by special plea and not by demurrer.

Assumpsit. Appeal from the Circuit Court of Richland county; the Hon. J. R. Creighton, Judge, presiding. Heard in this court at the October term, 1909. Reversed and remanded with directions. Opinion filed April 9, 1910.

**Statement by the Court.** On August 7, 1908, the appellants began this suit in assumpsit against the appellee, on an insurance policy for $500, dated October 5, 1905, insuring certain property therein named for five years from said date, against all loss and damage that might happen to the same by fire or lightning, not exceeding the sum insured, etc. The declaration sets out the policy in *haec verba,* and the said insurance was distributed in said policy among the insured items as follows: "$250 —— on 1 story, shingle roof, frame building while occupied by ———————— as dwelling"; —— $150 — on barn, No. 1", etc.; "$100 —— on grain while contained in crib, granary, barn or stack"; —— $———— on hay in barn or stack"; etc.

The following averment in the declaration is the one over which the main contention herein arises, to wit: "On August 8, 1907, plaintiff owned one rick of four tons of unthreshed red-top cut for its seed, consisting of sixty bushels of unthreshed red-top seed in stack on S. E. Qr., Sec. 36, T. 5 N., R. 9 E., in Richland County, Illinois, and that said red-top was raised and cut for its seed and that said seed was of the value of $54, and that on said date said property was struck by lightning and so consumed and destroyed as a result thereof, whereby the plaintiffs then and there sustained loss and damage to the amount of the sum last aforesaid," etc. This property so lost is the base of the plaintiffs' claim for damages in this suit. All the property insured is described as being located on said tract of land. Other parts of the policy and declaration that are material herein will be referred to in the opinion of the court. To this declaration the defendant demurred in the usual form, assigning four special grounds of demurrer, and are all the causes relied on

by appellee for the sustaining of this demurrer, to wit:
(1) Said declaration does not aver what interest plaintiffs had in the property destroyed, or that their interest was as stated in the application made a part of the policy; (2) that plaintiffs do not aver that proofs of loss to defendant were made as provided in the policy; (3) that the suit is barred by limitations contained in the policy; (4) that the policy sued on shows the property alleged to have been destroyed was not insured by defendant. The lower court sustained the demurrer; and the plaintiffs electing to stand by their declaration, the court dismissed the suit and gave judgment in favor of defendant against the plaintiffs for costs of suit. Plaintiffs excepted, and ask a reversal of the judgment, assigning as error the said rulings and judgment of the court.

HOMER C. COEN, for appellants.

JOHN A. MACNEIL, for appellee.

MR. JUSTICE DUNCAN delivered the opinion of the court.

First. It was only necessary for the plaintiffs to aver they had an interest in the property to the amount of their claim. New Eng. F. and M. Ins. Co. v. Wetmore, 32 Ill. 241. It was not necessary to allege that the plaintiffs had the character of title or interest in the property stated in the policy or application. The plaintiff is only required to allege and prove such matters as appear to be conditions precedent in the policy. If the application contains false representations or warranties as to title or other matters, the defendant, to avail of such a defense, must plead the same specially. Phenix Ins. Co. v. Stocks, 149 Ill. 325.

Second. There is a sufficient averment in the declaration that proofs of loss were made. The only requirements in the policy for proofs of loss are the fol-

lowing: "In case of loss under this policy, proofs shall be made by the assured." No limit as to time is fixed for the making of proofs, and the character of proofs required or desired is not specified. Any kind of proofs sent to the defendant, particularly if not specifically objected to by it, would be good under this policy if sent to it before suit was brought. The special cause of demurrer is that plaintiffs do not aver proofs of loss "as provided in the policy." The allegations in the declaration on this subject are that the plaintiffs "at said times (August 16 and September 17, 1907) delivered to the defendant as particular an account of said loss and damage as the nature of the case would admit." And again at the conclusion of the declaration is this averment, "the plaintiffs have kept and performed all things in said policy mentioned on their part to be kept and performed." We think these allegations are entirely sufficient, taking into consideration the fact that the policy is set out in *haec verba*.

Third. The third ground assigned for demurrer is not well taken, for the reason that the defense of the statute of limitations at law must be raised by a special plea. The defense must be specially pleaded at law even though the declaration should show on its face that the statute had run. Thomas v. Morgan, 96 Ill. App. 629. The declaration in this case does not show on its face that the statute has run. It was filed August 7, 1908, the last day of the year after the fire, and the summons was issued the same day. The limitation in the policy is one year after loss accrued, and the suit was begun within that time. Schroeder v. The Merchants and M. Ins. Co., 104 Ill. 71; Schmidt v. Balling, 91 Ill. App. 388.

Fourth. We are furnished with a great many definitions by both counsel, taken from lexicographers and law writers, some of which will serve to show the difficulty in settling as a matter of law whether red-top

seed, unthreshed or otherwise, in stack or elsewhere, is in fact "grain", within the meaning of said policy. Some of those supposed to shed light on this question are as follows: "Grain—1. A single, small seed; a kernel, especially of those plants, like wheat, whose seed are used for food. 2. The fruit of certain grasses which furnish the chief food of man or beast." "Red-top—a well known species of bent grass—also called English grass and Herd's grass." "Hay—grass cut and dried for fodder; grass prepared for preservation." Now "grain in stack" is insured under this policy. "Hay in stack" or elsewhere is not insured under the policy. Counsel for appellants contend that "unthreshed red-top in stack," is grain and not hay. Counsel for appellee contend that it is hay and not grain. We have no decisions in this State or elsewhere, exactly in point, as a guide.

From what is already said, it is evident to us that independent of the policy in question, whether or not red-top seed is, or is not, grain, is properly a question for the jury. The meaning or definition of the word, grain, must necessarily be a question of law, unless by local or provincial usage it should have a meaning different from the general and ordinary meaning. It is true, as said by appellee's counsel, that hay is not grain. So is it equally true that red-top seed is not hay, and that wheat is not straw. When threshed the wheat and the straw are entirely different articles, and so would be the red-top seed and the hay when it is threshed. But when the wheat and the red-top, "cut for seed", are in the stack they are properly designated respectively as grain and seed in stack. Barley, rye, oats, broom-corn, millet hay, peas, flax and sugar cane, before the seeds were separated from the straw, hay or stalk, have all been held by courts of this country to be included in the term grain. Hewitt v. The Watertown F. Ins. Co., 55 Iowa, 324; Reavis v. Farmers' Mut. F. Ins. Co., 78 Mo. App. 14; Norris v. id., 65 Mo. App. 632; State v. Cowdery, 79 Minn. 94; The

State v. Williams, 2 Strobhart (S. C.) 474; Holland v. The State, 34 Ga.. 455; Smith v. Clayton, 29 N. J. (5 Dutcher) 362; 4 Words and Phrases, 3145; 20 Cyc., 1288; 14 Am. and Eng. Ency., 1110.

The decision of this case cannot be satisfactorily settled by reference to the definition of words merely. The real intention to be ascertained in this case is, what is the contract and liability of the appellee in this case? This must be determined by the averments in the declaration. Turning to this instrument we see by its averments that the said red-top was raised and cut for its seed, and by the policy we see that their crops were insured as "grain while contained in crib, granary, barn or in stack." The declaration avers a liability against the defendant by reason of the loss of this unthreshed red-top. By the provisions of this policy and the averments in the declaration, the parties to said contract considered this red-top as a crop of seed in the stack, not as hay in the stack; and it was insured as "grain in stack." We would be better satisfied if there had been a positive averment in the declaration either that it was designated and insured under this policy as "grain in stack", or that unthreshed red-top seed cut and stacked for seed is "grain in stack", within the meaning of said policy. We think, however, that the declaration is sufficient. What is said by the Supreme Court of Iowa in the case above cited, which decision was also as to the sufficiency of a declaration on an insurance policy, is in point here, to wit: "But if it be conceded flax seed is not grain, strictly speaking, or is not so regarded in commercial transactions, this cannot be regarded as decisive of the question before us. For the rule is that this contract, 'like other contracts, must receive the construction which is most probable and natural under the circumstances, so as to attain the object which the parties to it had in contemplation in making it.' It was accordingly held in Decatur Bank v. St. Louis Bank, 21 Wall., 294, the term cattle included hogs, and in The State v. Williams,

2 Strobhart, 474, that the legislative intent in making it larceny to take cotton, rice, 'corn or other grain' from a field, was to include peas, or in other words, that 'other grain' included peas. * * * The intent of the plaintiff undoubtedly was to insure his crop raised on the farm and put into stacks or into a granary, and the Company must, we think, have so understood and executed the policy with the intent of insuring the property in question." The language construed in the Iowa policy was, "grain in stacks and granary on farm," and the loss sued for was "one hundred and fifty bushels of unthreshed flax seed in stack on the farm."

Policies of insurance are usually construed most favorably for the insured in case of doubt or uncertainty in its terms. Healey v. The Mut. Ac. Ass'n, 133 Ill. 556; The Niagara F. Ins. Co. v. Heenan & Co., 181 Ill. 575.

Whether or not there is in fact a liability in this case against appellee cannot be determined until the evidence is heard. We hold, however, that the declaration states a cause of action. The judgment of the lower court is therefore reversed, and the cause remanded with directions to overrule the demurrer, and to allow the defendant to plead to the declaration, etc.

*Reversed and remanded with directions.*