Matilda Watts, Administratrix, Defendant in Error, v. Wabash Railway Company, Plaintiff in Error.

1. LIMITATION OF ACTIONS, § 53*—*when suit is commenced.* The bringing of a suit is the issuing of the summons, or other process, to bring the defendant into court, and the declaration when filed relates back to the commencement of the suit and thereby prevents the running of the statute of limitations.

2. DEATH, § 30*—*when statute of limitations is arrested by bringing of suit.* Where an action to recover for death was brought within one year, the declaration which was filed after the year related back to the commencement of the suit and thereby prevented the running of the statute of limitations.

3. MUNICIPAL CORPORATIONS, § 107*—*when ordinances are sufficiently proved.* Ordinances of a city published in book or pamphlet form, together with the title page reciting as follows: "The Litchfield City Code, comprising the general and special ordinances of the city council. Published by authority of the city council," etc., offered in evidence, showed the ordinances to be those of the City of Litchfield, Illinois, although it would have been more accurate to use the word "ordinance" instead of "code," and to have substi-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tuted the words "City of Litchfield" instead of the words "city council."

4. PLEADING, § 56*—*when allegations of count are immaterial.* Where a case was tried on two counts, the allegations of another count were immaterial.

5. MUNICIPAL CORPORATIONS, § 107*—*what is evidence of adoption of ordinances.* A book or pamphlet containing ordinances and purporting to be published by authority of the city council is evidence of the passage and legal publication of the ordinances contained in it, as of the dates mentioned therein.

6. MUNICIPAL CORPORATIONS, § 79*—*when ordinances must be published.* Paragraph 64, ch. 24, Hurd's Rev. St. 1917 (J. & A. ¶ 1336), relating to the publication of city ordinances, is directory only and the public is protected by the provision that ordinances shall not take effect until 10 days after publication.

7. RAILROADS, § 859*—*when ordinance is admissible in evidence.* An ordinance requiring a railroad company to obey it up to the point where its trains emerge from the limits of the city is a different thing from giving it extraterritorial effect; and such an ordinance was admissible where, if the collision was outside the city limits, it was not more than 20 or 30 feet outside.

8. APPEAL AND ERROR, § 1468*—*when admission of evidence is harmless.* Where one count in an action against a railway for causing death, declared on the statute imposing a duty to ring a bell or sound a whistle, and it was conceded that no bell was rung or whistle sounded, and the verdict was on that count and on another based on a city ordinance imposing a like duty, any error in reference to the admission of such ordinance was harmless.

9. APPEAL AND ERROR, § 1523*—*when error in giving instruction is harmless.* Recognizing the rule that after defects in an instruction have been pointed out by the Supreme Court it should not be again given, although it may not have been sufficient ground for reversal in the particular case, the giving of an instruction like one so condemned was not ground of reversible error under the facts of an action against a railroad for causing death.

10. RAILROADS, § 889*—*what is effect of instruction defining due care.* Describing due care "while attempting to pass over the railway crossing" in question referred to the whole transaction and covered the time at and immediately before the injury, particularly in view of an instruction given for defendant especially covering its contention that the instruction complained of limited due care to the exact moment of the injury.

11. RAILROADS, § 884*—*when contributory negligence is question for jury.* Failure to look and listen before crossing railroad tracks

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

are proper questions for the jury to consider in passing on the question of due care, but such failure is not *per se* negligence.

12. INSTRUCTIONS, § 151*—*when refusal of requested instruction is proper.* The refusal of a good instruction was not error where fully covered by another instruction given for the complaining party.

13. RAILROADS, § 884*—*when contributory negligence of person relying on care of railroad is for jury.* Where the view of a decedent was obstructed so that the train which struck him could not have been seen until after it passed a southbound freight train, the caboose of which was standing about 150 to 300 feet south of the crossing, the decedent would necessarily be presumed to have been relying on the railway company to give the warnings by bell or whistle required by law; and the question of due care in looking and listening was one of fact for the jury.

Error to the Circuit Court of Montgomery county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the April term, 1920. Affirmed. Opinion filed October 27, 1920. *Certiorari* denied by Supreme Court (making opinion final).

D. R. KINDER, for plaintiff in error; N. S. BROWN and L. H. STRASSER, of counsel.

LANE, DRYER & BROWN, for defendant in error.

MR. PRESIDING JUSTICE WAGGONER delivered the opinion of the court.

William Watts on July 13, 1916, was riding in an automobile on a public highway going in an easterly direction upon and along the north boundary line of the City of Litchfield, Illinois, and while crossing a track of the Wabash Railway Company was struck by a northbound passenger train. He died the same day as a result of the injuries received.

This action was instituted by Matilda Watts, as administratrix of the estate of the deceased, filing a *præcipe* and the clerk issuing a summons on July 11, 1917, returnable to the next November term of the circuit court of Montgomery county. Plaintiff in error

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

concedes, in its brief, that the summons was served upon the railway company "prior to the 13th day of July, 1917." The case was continued at the November term for want of a declaration, and on January 11, 1918, a declaration containing five counts was filed. A demurrer was sustained to the first count and the jury were instructed to disregard the fourth. The case was tried on the second, third and fifth counts of the declaration. The defendant was found guilty on the second and third counts and a judgment for $1,775 and costs was rendered on the verdict against the railway company.

The second count of the declaration charged negligence in failing to ring a bell or sound a whistle continuously, as the train was approaching a highway crossing, as required by paragraph sixty-eight of chapter one hundred and fourteen of Hurd's Revised Statutes of 1917 (J. & A. ¶ 8817). The third count charged negligence in failing to continuously ring the bell on the locomotive engine, while the engine was running in the City of Litchfield, contrary to an ordinance of the city. Both counts alleged that the decedent was in the exercise of due care for his own safety. As the verdict returned was on the second and third counts, the allegations of the fifth count are immaterial.

Two special pleas were interposed, by the railway company, alleging that William Watts died July 13, 1916, and that the declaration was not filed in this case until January 11, 1918, being more than a year after his death. A demurrer was sustained to both pleas. Plaintiff in error urges that this suit was not commenced within one year after the death of the decedent as required by section two, chapter seventy of the Revised Statutes (J. & A. ¶ 6185). It bases its contention on the ground that until a declaration has been filed, stating the object and purpose of the suit, an action had not been commenced within the spirit and meaning of the statute, and that since the declaration

was filed more than one year after the death of William Watts, it claimed the court erred in sustaining the demurrer.

The bringing of a suit is the issuing of a summons, or other process, to bring a defendant into court. This is one of the most familiar and best-settled rules of the law. (*Chicago & N. W. Ry. Co. v. Jenkins,* 103 Ill. 588, 594; *Collins v. Manville,* 170 Ill. 614, 616; *Stizel v. Miller,* 157 Ill. App. 390, 394; *Rich v. Scalio,* 115 Ill. App. 166, 167-168.) Under the rule announced in *Eylenfeldt v. Illinois Steel Co.,* 165 Ill. 185, 190, the declaration when filed relates back to the commencement of the suit and thereby prevents the running of the statute of limitations. The demurrers to the pleas of the statute of limitations were properly sustained.

Defendant in error offered in evidence sections six and eight of chapter thirty-eight of an ordinance of the City of Litchfield, published in a book or pamphlet form, together with the title page of such book or pamphlet. Section six, relating to the speed of trains in the city, was excluded on an objection made by plaintiff in error. Section eight, requiring a bell to be rung continuously while the train was passing through the City of Litchfield, was admitted in evidence. Plaintiff in error complains that it does not appear from such title page that the City of Litchfield, referred to, is in Illinois; that the word "code" is used instead of "ordinance," and that the ordinance should be described as an ordinance of the "City of Litchfield" instead of the ordinances of the "city council."

The title page of the book is as follows: "The Litchfield City Code, comprising the general and special ordinances of the city council. Published by authority of the city council. Revised and arranged by P. A. Wilhite, City Attorney, Litchfield, Illinois, 1903."

It is true that a more accurate way to entitle the book would have been to have used the word "ordinance" instead of "code" and to have substituted the

words "City of Litchfield" in place of the words "city council." But we hold that the wording does show the ordinances to be those of the City of Litchfield, Illinois, passed in 1903, by the authority of the city council of that city, and therefore admissible in evidence without further proof. *Hensoldt v. Town of Petersburg,* 63 Ill. 112, 115; *Chicago & Alton R. Co. v. Winters,* 65 Ill. App. 435, 441.

By section ten of chapter twenty-four of Hurd's Revised Statutes of 1917 (J. & A. ¶ 1280), the correct name of the municipality is "City of Litchfield." It will be noted that Illinois is no part of the municipality's name. The Supreme Court of this State has heretofore taken judicial notice of the location of the City of Litchfield. *Linck v. City of Litchfield,* 141 Ill. 469, 480-481. Paragraph sixty-five of chapter twenty-four of such statute (J. & A. ¶ 1337) provides that when published in pamphlet form the ordinances need not be otherwise published. The provision of paragraph sixty-four of the same chapter (J. & A. ¶ 1336), for a publication within one month is directory only. The public is protected by the provision that it shall not take effect until ten days after it is published. (*Standard v. Village of Industry,* 55 Ill. App. 523, 525-526.) The ordinance was admissible because it was printed in book or pamphlet form and purported to be published by authority of the city council. The statute makes such printed book evidence of the passage and legal publication of the ordinances contained in it as of the dates mentioned therein. *Illinois Cent. R. Co. v. Warriner,* 229 Ill. 91, 94.

It is contended that the ordinance was improperly admitted in evidence because the proof did not show that the deceased was injured within the limits of the City of Litchfield. The highway, on which he was injured, ran east and west along the northern boundary line of the city and the train came from the south through the city over the tracks of the plaintiff in error

across the highway in question. The train was within the city limits as it approached the crossing in question where it struck and killed William Watts. It is conceded that the bell on the engine was not ringing nor the whistle blowing as the train came through the city and approaching the crossing where the collision occurred. If the collision was out of the city limits it was not more than twenty or thirty feet outside as the highway in question was the line. The deceased was struck so close to the city limits that, if the ordinance had been observed, ringing of the bell or blowing of the whistle would have given the deceased warning of the approach of the train. It is clear that the ordinance has no extraterritorial effect and we do not hold that its admission in evidence gave it such effect. The ordinance requires the railway company to obey it up to the point where its trains emerge from the limits of the city. That is quite a different thing from giving it extraterritorial effect. Under the ruling in *St. Louis & S. Ry. Co. v. Homer,* 137 Ill. App. 548, 549-550, section eight relative to the ringing of the bell was properly admitted in evidence. It is further urged, by plaintiff in error, that since section six in reference to speed was excluded, that section eight should also have been excluded. We think that section six was improperly excluded. We are also of the opinion that since the statute declared on, in the second count, imposes a duty to ring the bell or sound the whistle, and since it is conceded that the bell was not rung and the whistle was not sounded, and the verdict having been on the second and third counts, any error in reference to the third count would be harmless as the duty attempted to be shown under the third count by ordinance was imposed under the facts of this case by the second count on the statute. It also follows that plaintiff in error's instruction number seven was properly refused.

The second and third instructions, given for defend-

ant in error, are subject to criticism under the authority of *Elgin, Joliet & E. Ry. Co. v. Lawlor*, 229 Ill. 621, 630-632. After defects in an instruction have been pointed out by the Supreme Court, it should not be again given, although it may not have been considered sufficient ground for reversing a judgment in the particular case. (*People v. Lukoszus*, 242 Ill. 101, 109.) Nevertheless, we are constrained to hold under the facts in this case that the giving of these instructions was not reversible error.

Complaint is also made of defendant in error's fourth instruction on the ground that it limits due care, on the part of deceased, to the exact moment of the injury. It is true that due care must be exercised at and immediately before the injury. (*Krieger v. Aurora, E. & C. R. Co.*, 242 Ill. 544, 551; *Bale v. Chicago Junction Ry. Co.*, 259 Ill. 476, 481.) We do not think a proper construction of this instruction limits the due care of deceased to the exact moment of the injury. The words "while attempting to pass over the railway crossing," under the case of *McNulta v. Lockridge*, 137 Ill. 270, 287-288, refer to the whole transaction and cover the time at and immediately before the injury. This construction is undoubtedly correct in view of the fact that the first instruction, given for plaintiff in error, specifically covers the contention now made by it and prevents any misunderstanding or misconstruction of instruction number four.

Defendant in error's seventh instruction, defining ordinary care, is correct. It is true that plaintiff in error's fourth refused instruction was held to be a proper one in the case of *Chicago & N. W. Ry. Co. v. Hatch*, 79 Ill. 137, 139, but that case has been overruled by the case of *Chicago, St. L. & P. R. Co. v. Hutchinson*, 120 Ill. 587, 592-593, as was noted in *Chicago & E. I. R. Co. v. Tilton*, 26 Ill. App. 362, 367. Many authorities, to the same effect, are collected in *Winn v. Cleveland, C., C. & St. L. Ry. Co.*, 239 Ill. 132, 139. A

failure to look and listen is proper for the jury to consider in passing on the question of due care, but is not *per se* negligence. This has been so often stated, in the rulings of the courts of this State, that we are at a loss to know why attorneys representing railroad companies cannot comprehend this well-settled principle.

There is no allegation in the pleading and no evidence in the record on which to base plaintiff in error's fifth refused instruction and under such circumstances no harm could possibly be done by not giving it. Plaintiff in error's sixth refused instruction is good but was properly refused because fully covered by its third instruction which was given.

Plaintiff in error admits, in its brief, that the bell on the engine was not rung and that the whistle was not blown as required by the statute of the State and an ordinance of the City of Litchfield. A case of negligence, against the railway company, therefore stands admitted. It is claimed that deceased was not in the exercise of due care for his own safety, and for that reason the judgment should be reversed. We cannot say that there was no evidence tending to prove due care. It appears that the view of deceased was obstructed so that the train that struck him could not have been seen until after it passed a southbound freight train, the caboose of which was standing about one hundred and fifty to three hundred feet south from the crossing. With this obstructed view the deceased would necessarily be presumed to be relying on the railway company to give the warning by bell or whistle that it failed to give. The verdict is not clearly and manifestly against the weight of the evidence. There is no rule of law to the effect that a failure to look and listen will, under all circumstances, bar a recovery. The question of due care was one of fact for the jury and the verdict being supported by the evidence, the judgment must be affirmed.

*Judgment affirmed.*