THE WATERTOWN FIRE INSURANCE COMPANY

*v.*

E. W. RUST.

*Filed at Springfield March 26, 1892.*

1. INSURANCE COMPANIES—*of foreign States—statute regulating business of, in this State.* The statute which prohibits foreign insurance companies from transacting business in this State without complying with its provisions, is enacted for the protection of our citizens against loss from irresponsible foreign companies. The duties it enjoins and the penalties it imposes are upon such companies, and not upon those contracting with them in good faith.

2. SAME—*estopped to deny its authority to issue policy sued on.* The public have the right, in the absence of bad faith and of actual knowledge to the contrary, to presume that a foreign insurance company transacting business in this State is acting lawfully; and the company, when sued upon a policy issued after its right to act has ceased, is estopped to allege that it had no lawful authority to issue the policy.

3. SAME—*instruction to agent to cancel policy—rights of assured.* Where an agent of a foreign insurance company issues a policy of insurance after its right to insure in this State has ceased, an instruction of such company to the agent to take up and cancel the policy, unknown to the assured, will not affect the rights of the latter.

4. SAME—*power of agent to bind principal after revocation of authority.* Where a foreign insurance company having authority to transact business in this State, appoints an agent here, with power to act for it, if that agency is terminated the burden will be upon the company to bring notice to those who thereafter transact business with him, of the termination of the agent's power. An agent, after revocation of his authority, may bind his principal by contract with one who has no notice of the withdrawal of power.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Macon county; the Hon. EDWARD P. VAIL, Judge, presiding.

Mr. W. C. JOHNS, for the appellant:

In support of propositions one and two to the point that a contract made in violation of a statute is void, and there can be no recovery thereon, we cite *Webb* v. *Pritchett*, 1 B. & P.

264; *Morch* v. *Abel,* id. 272; *Aubert* v. *Maze,* 2 id. 264; *Watts* v. *Brooks,* 3 Ves. Jr. 612; *Camden* v. *Anderson,* 6 Taunt. 723; 2 Kent's Com. 610; *Bank* v. *Owens,* 2 Pet. 526; *Craig* v. *State,* 4 id. 408; *Russell* v. *DeGrand,* 15 Mass. 35; *Wheeler* v. *Russell,* 17 id. 257; *Williams* v. *Cheney,* 3 Gray, 221; *Jones* v. *Smith,* id. 500; *Insurance Co.* v. *Dawes,* 6 id. 376; *Williams* v. *Cheney,* 8 id. 206; *Insurance Co.* v. *Prescott,* 42 N. H. 547; *Insurance Co.* v. *Wright,* 55 Vt. 526; *Sharp* v. *Teese,* 4 Halst. 352; *O'Donnell* v. *Sweeney,* 5 Ala. 467; *Bank* v. *Page,* 6 Ore. 431; *Milton* v. *Hayden,* 32 Ala. 30; *Wood* v. *Armstrong,* 54 id. 150; 25 Am. Rep. 671, and note; *Semple* v. *Bank,* 5 Sawyer, 88; *Bridge Co.* v. *Silk Co.* 25 Wend. 648; *Insurance Co.* v. *Harvey,* 11 Wis. 394; *Insurance Co.* v. *Packet Co.* 9 Bush, 590; *Insurance Co.* v. *Slaughter,* 20 Ind. 520; *Insurance Co.* v. *Thomas,* 46 id. 44; *Munsell* v. *Temple,* 3 Gilm. 93; *Lewis* v. *Headley,* 36 Ill. 433; *Health Assurance Co.* v. *Rosenthal,* 55 id. 85; *Penn* v. *Bornman,* 102 id. 523; *Bank* v. *Rautenberg,* 103 id. 460; *Thimming* v. *Miller,* 13 Bradw. 595; *Farrow* v. *Vedder,* 19 id. 305.

The doctrine of estoppel can not be invoked to render valid a contract made in violation of a statute. *Keen* v. *Coleman,* 39 Pa. St. 299; *Steadman* v. *Duhamel,* 1 C. B. 888; *Martin* v. *Zillerbach,* 38 Cal. 300; *Brightman* v. *Hicks,* 108 Mass. 246; *Taylor* v. *People,* 66 Ill. 322; *Lowell* v. *Daniel,* 2 Gray 161; *Klein* v. *Caldwell,* 91 Pa. St. 140; *Penn* v. *Bornman, supra;* 2 Parsons on Contracts, 799.

Messrs. LODGE & HICKS, and Mr. W. G. CLOYD, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The statute in relation to insurance provides, among other things, that "it shall not be lawful for any insurance company organized under the laws of any other State, * * * directly or indirectly to take risks or transact any business of

insurance in this State," except upon complying with conditions therein prescribed. (Rev. Stat. 1887, chap. 73, secs. 22, 112-116, 124.) Appellant was incorporated under the law of Dakota, and having complied with the requirements of the statute *supra*, in May, 1887, it was duly licensed to do business in this State. In the following July it appointed an agent at Decatur, who received the proposed certificate of his authority to act as such. This was renewed for the year 1888, but not for the year 1889. Having determined to withdraw from the State, appellant failed to furnish the statement and evidence of its condition, which the statute *supra* requires should have been furnished in January, 1889, to have entitled it to the privilege of continuing to do business in this State, but no other notice of such determination was given to its agent, to appellee or to the public. Twelve days after the authority of the agent had thus expired the agent issued the policy here in suit, and received in cash from appellee the full amount of the premium. He advised appellant of that fact early in March, whereupon, by letter of the date of the 5th of that month, it directed him to cancel and return the policy, but nothing further was done about it by him or the company until after May 17, when the loss occurred.

There is no evidence tending to prove that appellee had actual notice, at the time the policy was issued to her, that appellant had failed to qualify itself, under the statute, to transact business in this State during that year, and it is therefore to be presumed that she acted in good faith. The question then is, appellee having acted in good faith in obtaining the policy, and without actual notice that appellant had failed to do what the statute required it should do to qualify itself to transact business here, does the prohibition of the statute extend to appellee, and render void the policy as to her. The opinion of the Appellate Court discusses the question very thoroughly, and, as we think, exhaustively, and reaches a conclusion in the negative. We deem it unneces-

sary to re-discuss the question at length, and are content to rest our judgment upon the argument in that opinion, (*Watertown Fire Ins. Co.* v. *Rust*, 40 Ill. App. 119,) merely stating here the principles which, as we believe, control.

Our statute was manifestly enacted for the protection of the public against the acts of irresponsible foreign insurance companies. The duties it enjoins and the penalties it imposes are upon the insurance companies, and not upon those who in good faith contract with them. The insurance company knows whether it has complied with the law, but the public do not, and they have the right, in the absence of bad faith and of actual knowledge to the contrary, to presume that a foreign insurance company assuming to act in this State is acting lawfully, and the company, when sued upon a policy issued under such circumstances, is estopped to allege that it had no lawful authority to issue the policy. 7 Am. and Eng. Ency. of Law, 29, and cases cited; *Clay Ins. Co.* v. *Huron Salt Co.* 31 Mich. 346.

The instructions of appellant to its agent in regard to the return of the policy being unknown to appellee, did not affect her. (*Rockford Ins. Co.* v. *Nelson*, 65 Ill. 415; *Hartford Fire Ins. Co.* v. *Wilcox*, 57 id. 180.) The agent having been lawfully appointed to act for the company in the first instance, the burden was upon appellant to bring notice to those who should thereafter transact business with him, of the termination of his agency, (Story on Agency, sec. 470,) which was not here done.

The judgment is affirmed.

*Judgment affirmed.*