## Merchants Insurance Company v. J. Oberman.

1.  INSURANCE—*Waiver of a Condition Prohibiting the Use of Gasoline for lighting.*—A condition in a policy of fire insurance prohibiting the use of gasoline for lighting purposes may be waived by an agent of the company, and is held to have been so waived by an agent in this case.

2.  AGENCY—*Presumptions as to its Continuance.*—Where a person is acting as the agent of an insurance company, and as such, writes a policy for it, it will be presumed that his agency continues until notice of its termination is brought home to the insured.

3.  SAME—*Notice of the Termination of an Agency.*—Where the agency of an insurance company has been established by competent proof the burden is upon the company to bring home to the holder of the policy written by such agent, notice of the termination of his agency.

Assumpsit, on a policy of fire insurance.  Appeal from the County Court of Greene County; the Hon. DAVID F. KING, Judge, presiding. Heard in this court at the May term, 1901.  Affirmed.  Opinion filed December 10, 1901.

Steere & Furber, attorneys for appellant.

D. J. Sullivan, attorney for appellee.

Mr. Presiding Justice Harker delivered the opinion of the court.

This suit was brought by appellee to recover upon a fire insurance policy issued by appellant on June 7, 1900, insuring appellee against loss or damage by fire to the amount of $1,000 on a general stock of merchandise at Roodhouse, Illinois. On the 30th of October, 1900, the stock was damaged by fire to the extent of $2,000. A trial by jury resulted in a verdict and judgment in favor of appellee for $1,000. Two defenses were interposed at the trial: first, that the policy was canceled before the loss, and second, that the plaintiff used gasoline for lighting the store room where the insured goods were kept, contrary to the terms of the policy, whereby the same became void. The cancellation, as per terms of the policy, was denied. The use of gasoline was admitted, but it was contended that the provision prohibiting its use was waived.

While there was a conflict in the testimony, a clear preponderance shows that J. A. Oberman, the agent of appellee having charge of the goods, about the first of October, 1900, informed W. C. Roodhouse, the agent of appellant who had written the policy, that he desired to move the goods to another building and requested that permission to do so be indorsed upon the policy; that Roodhouse was then informed that gasoline lights would be used in the new store room; that upon request of J. A. Oberman, Roodhouse then promised to procure from the safe of a Mr. Lorton, the policy in question, and another which Roodhouse had written for appellee in another company, and have permission indorsed thereon to have the goods moved to the new store room; that Roodhouse did so procure the policies, and a few days afterward, while in the new store room, informed J. A. Oberman that the policies had been "fixed up all right," and that neither appellee,

nor his agent, J. A. Oberman, had any notice that the policy was canceled until after the fire.

The other policy was one for $1,000 in the Manhattan Insurance Company. After obtaining them from Norton's place, Roodhouse did not return them to J. A. Oberman, but informed him that he had left them at the local bank. When called upon for them after the fire, he said that only one policy, the Manhattan, was in force, and that the one in suit had been canceled. On the back of the policy was the following indorsement: "Received Oct. 5th, 1900, The Merchants, Chicago—marked on register, cancel at date of issue." The policy provided that it could be canceled by giving five days notice. We are led to the conclusion from the evidence that neither appellee nor his agent had any notice of the cancellation until after the fire.

Roodhouse had full knowledge of the fact that gasoline was to be used in the new store room, at the time of taking the policy to have permission to remove indorsed. He was the agent of appellant and assumed to act for it. Appellant is in no position to argue in this court that Roodhouse was not its agent at that time. It introduced no proof to the effect that his agency had terminated. His agency having been established, the burden was upon appellant to bring to appellee's notice the termination of the agency, if it had in fact been terminated. Story on Agency, Sec. 470; Watertown Fire Ins. Co. v. Rust, 141 Ill. 85. Furthermore, Roodhouse stated on the trial, "Have been agent for the Merchants Insurance Company for about four or five years," clearly indicating that he was still its agent. If Roodhouse, as the agent of appellant, was authorized to receive the policy for the purpose of having indorsed thereon permission to remove the insured goods to another building (and from all the circumstances, it must be presumed that he was so authorized), then notice to him that gasoline lights would be used in the new store room to which the goods were to be removed, was notice to appellant. Atlantic Insurance Co. v. Wright, 22 Ill. 462; Commercial Ins. Co. v. Ives, 56 Ill. 402; Andes Ins. Co. v. Fish, 71 Ill. 620; Phenix Ins. Co.

v. Hart, 149 Ill. 513. In our opinion, the condition was waived.

While some of the instructions are slightly subject to criticism, we see in none of them errors sufficient to justify a reversal. Substantial justice has been done and the judgment will be affirmed.