## Phenix Insurance Co. v. Frank Lindley.

1. INSURANCE POLICY—*when assignment of, as a defense to a, is waived.* Where an insurance company, through its agent, knew of the change of the interest of the insured in the property covered by the policy, and, by its agent, has consented in writing to an assignment of such policy, a provision therein to the effect that the same shall become

void if the property covered thereby is not absolutely owned by the insured, is waived.

Action of assumpsit upon insurance policy. Appeal from the Circuit Court of Vermilion County; the Hon. FRANK K. DUNN, Judge, presiding. Heard in this court at the November term, 1902. Affirmed. Opinion filed July 27, 1903. Rehearing denied December 3, 1903.

CHAMBERS, PICKENS & MOORES and WINTER & REARICK, for appellant.

O. M. JONES, for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

The appellee, Frank Lindley, sued the appellant, The Phenix Insurance Company, in the Circuit Court of Vermilion County, in an action of assumpsit, and claimed damages for the loss of a stock of goods by fire, upon which he had a policy of insurance which had been written upon it by appellant.

The case was tried by jury and resulted in a verdict and judgment in favor of the appellee for $712.50, and to reverse the latter, the appellant appeals to this court · and argues that the court erred in not setting aside the verdict and granting a new trial, as the verdict was contrary to the law and the evidence, and that the court also erred in the rulings upon the evidence and instructions.

The policy sued upon was originally issued to one Frank A. Johnson, who then owned the stock of merchandise in question, which was then, and at the time of the fire, in a store room at Muncie, Illinois. During the summer of 1901, and while the policy was in force, Johnson was confined in the county jail at Danville on the charge of assault. On August 16, 1901, he made arrangements with the appellee, for appellee to become surety upon his, Johnson's, bail bond for $1,500, and to secure appellee therefor, Johnson gave him an absolute bill of sale for the stock of merchandise, and by a written agreement, signed by both, it was provided that in case Johnson complied with the terms of his bond, that the appellee would reconvey the stock of merchandise back to him, after deducting certain expenses,

but in case Johnson forfeited his bond, that then the title to the merchandise should remain in the appellee forevcr.

The stock of merchandise was, at the time of the sale, turned over by Johnson to the appellee, and by the latter put in possession of one Wade, as agent for the appellee, and Wade conducted the business of the store for the appellee until it burned, on October 21, 1901.

On August 28, 1901, Johnson executed in writing, on the back of the policy, an assignment, as follows:

" The interest of F. A. Johnson, as owner of the property covered by this policy, is hereby assigned to Frank Lindley subject to the consent of the Phenix Insurance Company of Brooklyn," and on the same day, said company, by its agent, executed its consent in writing on the back of the policy as follows:

" The Phenix Insurance Company of Brooklyn, hereby consents that the interest of F. A. Johnson, as owner of the property covered by this policy, be assigned to Frank Lindley."

The agent of the company knew all about the arrangement, conditions and circumstances under which the property covered by the policy was turned over to the appellee by Johnson, and consented thereto, and never raised any objection whatever to the insurance thereon being held by the appellee.

The defense set up and relied upon by the insurance company is that the appellee was not the absolute owner of the merchandise when it burned, and that the policy provides that the insurance covered thereby shall become void if the property covered by it is not owned absolutely by the assured.

But we are of the opinion that inasmuch as the company knew how the appellee held the property, and consented thereto, and also executed the written consent to the assignment of the policy as above stated, it waived the very condition in the policy which it seeks in that defense to take advantage of, for which reason it should not, and will not be permitted to do so.

The verdict and judgment, we think, make a just dispo-

sition of the rights of the parties, and the court ruled properly when it refused to grant a new trial; and we are unable to find wherein any erroneous rulings were made by the court on the evidence or instructions.

The judgment will be affirmed.

*Affirmed.*

The foregoing opinion was written by Mr. Justice Benjamin R. Burroughs, during his term as justice of this court, and is now adopted as the opinion of this court.

George W. Brown,
Presiding Justice.