Swing v. Thomas.

---

### James B. Swing, Trustee, v. Reuben Thomas, et al.

1. INSURANCE POLICY—*when void.* A fire insurance policy issued by a company prior to its being authorized to do business in this State, is void *ab initio*, at least to the extent of enforcement by itself or its successors, and the subsequent compliance by such company with the statutes of this State does not operate to render such policy valid and enforceable; and this principle applies even though such policy was not made in this State, if it was made upon property situated therein and with a citizen thereof.

2. COMITY—*when doctrine of, does not apply.* Comity between States does not extend to the enforcement of an obligation which, though valid in the State where it was executed, is contrary to the public policy of the State where it is sought to be enforced, or is there forbidden by law.

Action in assumpsit. Appeal from the Circuit Court of Douglas County; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the November term, 1904. Affirmed. Opinion filed April 20, 1905.

F. T. ROLOSON and PATTERSON A. REECE, for appellant.

JOHN H. CHADWICK and ECKHART & Moore, for appellees.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

The declaration in this case alleges that the Supreme Court of Ohio, in case No. 2,541 thereof, in which case the State of Ohio was plaintiff and said The Union Mutual Fire Insurance Company of Cincinnati, was defendant, disincorporated said insurance company and appointed the appellant the trustee for the creditors of said insurance company, and appellant brought this action by order of said court; that said insurance company was a mutual one, incorporated under the laws of Ohio, and was licensed in April, 1890, to do business in the State of Illinois; that under the laws of Ohio relating to the liability of policy holders in such mutual insurance companies (which are set out verbatim), each policy holder who was insured was bound to pay for such losses and necessary expenses as accrued in and to the company in proportion to the amount of the policy holder's deposit note or contingent liability, and that the contingent liability of policy holders was five times the amount of their respective annual premiums; that the defendants were partners, and, as such, were insured in said insurance company from March 1, 1889, to December 19, 1890, and that their annual premium was $45; that the Supreme Court of Ohio, in said case No. 2,541, on June 11, 1901, made a decree of assessment, in which the time is divided into seven periods of approximately three months each, and the amount of the unpaid debts and the amount of the contingent liability and the percentage to be assessed is specifically set out in each quarter respectively, and that the defendants were duly notified on January 28, 1903, to pay their said assessment under said decree, and that they refused to pay, etc.

Appellees interposed a general demurrer to the declaration, which was sustained by the court and judgment entered against appellant in bar of action, and for costs.

The errors assigned for reversal are that the court erred in sustaining said demurrer and in rendering judgment against appellant.

It is first contended by appellant that the fact that the policy upon which the action at bar is predicated, was issued by a foreign insurance company before such company had complied with the statutes of the State of Illinois requiring it to obtain a license to transact business therein, did not have the effect to render such policy void, but voidable merely.

Section 1 of chapter 73 of the Statutes of Illinois (Rev. St. 1903, page 1058), provides, that "It shall not be lawful for any insurance company * * * incorporated by, or organized under the laws of any other State * * * for the purpose of insuring against loss or damage by fire * * * to take risks or to transact any business whatever * * * until it shall have complied with the following requirements in addition to those already imposed by existing . laws. * * * It shall first file with the auditor of public accounts, a written application for a license to do business in this State."

Section 2. " * * * and no such incorporated company ' * * * shall carry on the business for which it may have been incorporated within this State until it shall have obtained such license. Nor shall it be lawful for any agent or agents for any company or companies referred to · in this section, directly or indirectly, in taking risks or transacting the business of fire or inland navigation insurance in this State, without procuring from the auditor of public accounts a certificate of authority, stating that such company has complied with all the requisites of this act which apply to such company, and the name of the attorney appointed to act for the company."

The purpose of the foregoing statute is to protect the public against irresponsible foreign insurance companies. That the issuing of a policy by an insurance company constitutes the transaction of business, within the meaning of such statute, is not controverted.

In the case of Cincinnati, etc., Co. v. Rosenthal, 55 Ill. 91, the court says: "When the legislature prohibits an act, or declares that it shall be unlawful to perform it,

every rule of interpretation must say that the legislature intended to impose its power to prevent the act, and, as one of the means of its prevention, that the courts shall hold it void. This is as manifest as if the statute had declared that it should be void."

It appears upon the face of the declaration under consideration, that the policies upon which appellant's right of action is predicated, were issued before appellant was licensed to do business in this State. The act of issuing the same being expressly prohibited by the statute, they were void *ab initio* and not merely voidable.

The cases cited by counsel for appellant do not support their contention to the contrary.

Watertown Fire Ins. Co. v. Rust, 40 Ill. App. 119, was an action upon an insurance policy to recover for a loss by fire, and where, as here, the company issuing the policy had not complied with the conditions prescribed by the statute in question. We there held that where an agreement is not unlawful in itself but is forbidden by statute, except upon certain conditions, and both the parties know, or are rightfully presumed to know, the extraneous facts which bring it within the prohibition, they are *in pari delicto*, and relief will be refused to either; but that in cases of agreements made in violation of prohibitory statutes, intended only to restrain one class for the protection of another, though both parties may be *in delicto*, yet they may not be *in pari delicto*, for the reason that while in such case both parties must be presumed to know the law, one of them may not know, nor be rightfully presumed to know, the facts that make it applicable in the particular case and therefore be entitled to relief, although the courts would not aid the other party. It was further held that, in the case then under consideration, the insurance company was bound to know such facts because its right to issue the policy was in the nature of a license upon condition expressed, and that when it undertook to exercise such license, it was bound to know, at its peril, that the conditions were complied with, and that if they were not,

the agreement on its part was in violation of law and that it thereby acquired no right thereunder which a court of law would enforce. It was also held that the party thereby insured was not *in pari delicto* for the reason that she had violated no provision of the statute; nor was she a party consenting to its violation by the insurance company; nor had she any knowledge of the facts which imposed upon the company a prohibition against the act, nor was she bound to inquire about them; that when the agent of the company proposed to insure her property she was not bound to call for his certificate of authority, but might assume that he had the same, and that as against her claim, the fact that he had none, was no defense. The judgment of the Appellate Court was affirmed, upon appeal, by the Supreme Court. 141 Ill. 85.

Tested by the foregoing views to which we still adhere, the policies in suit conferred no rights upon appellant which he can legally enforce, and to that extent they are absolutely void.

The case of Thompson v. Ins. Co., 66 App. 254 is not in point as the question here under consideration, was not there involved.

It is further insisted by counsel that inasmuch as appellant had complied with the statute in question, before bringing the suit at bar, the contract is rendered enforceable; that the object and purpose of the statute is but to require a foreign company to establish its responsibility, and by the appointment of an agent upon whom process may be served, to place itself in such position that actions may be readily brought against it. In answer to this contention it will suffice to say that if the policies were, as we have already held, void *ab initio* as to any rights conferred thereunder upon appellant, no subsequent act on its part could render it valid. In the cases of Thompson v. Whitehed, 185 Ill. 454, and Buell v. Breese, 65 App. 274, cited by appellant's counsel, the question now under consideration was neither involved nor considered by the court.

It is finally insisted by appellant that inasmuch as the declaration fails to disclose where the policies were "taken out," the foregoing rules of law are not applicable upon demurrer. That, for aught that appears from the record, the contract of insurance may have been entered into and the policies delivered outside of the State of Illinois; that the statute does not assume to ·prohibit a citizen of the State from entering into contracts of insurance without the State, and that if such a contract be there made, although entered into with a citizen of Illinois, and upon property therein situated, they are not in violation of the statute, notwithstanding the insurance company has not complied therewith.

We do not regard the question of *locus contractus* as at all material to the right of appellant to recover. In Buell v. Breese, 65 App. 271, the insurance company of which the plaintiff was receiver was incorporated under the laws of Wisconsin; both the policy sued on and the application therefor were executed in Wisconsin; the receiver appointed by a Wisconsin court sued to recover assessments under the policy. It was contended by the receiver that the contract should be enforced according to the laws of Wisconsin and that he had the right to maintain the action in Illinois, notwithstanding the company had not been licensed to do business there. In its opinion the court says: "True it is that the contract was made in Wisconsin, but true it is also, that the property insured was in Illinois. If this contract can be enforced, successful methods of carrying on business in other States without the intervention of resident agents, will be devised, and the statutory law will become a dead letter, and our citizens will become the prey of irresponsible insurance companies."

In Rose v. Kimberly, 89 Wis. 545, it was held that the execution of an insurance policy in a foreign State by a foreign insurance company upon property within Wisconsin, is the transaction of business in the latter State within the meaning of a statute thereof, which provides that, except

upon certain conditions, no foreign fire insurance company shall "directly or indirectly take risks or transact any business of insurance" within that State. The court in holding that assessments against the policy-holder could not be recovered because the statute had not been complied with, says: "The object of this statute is so plain that it cannot be mistaken. It is to protect our citizens against irresponsible and worthless foreign companies of the very kind which we have now before us. The evil to be corrected is not the writing of the policy by an unlicensed company within this State alone, but the writing of such a policy at all. Bearing in mind the object of the statute and the evil to be corrected, it is very plain that the object will be largely defeated, and the evil will flourish as before, if it be held that companies without license can establish their agencies just outside of the State line and conduct their business by mail."

In Seamans v. Temple, 63 N. W. Rep. 408 (Mich.) (28 L. R. A. 430), the court says: "If it be conceded that the contract was made in Wisconsin and that the premiums and loss, if any, are payable there, it is as much in contravention of the policy of this State as though it had been made and was to be performed there. It cannot be supposed that the statutes cited were intended merely to prevent the act of making the contract in this State. The object is to protect the citizens of this State against irresponsible companies, and to prevent insurance by unauthorized companies upon property in this State."

We fully concur in the reasoning adopted in the foregoing cases and are of opinion that even if the policies in suit were not made within this State, having been made upon property situated therein and with citizens thereof, and by a company not licensed to transact business in the State, they were issued in violation of the laws of Illinois, and were injurious to the welfare of its citizens, and cannot therefore be enforced in its courts.

Comity between States does not extend to the enforcement of an obligation which, though valid in the State

where it was executed, is contrary to the public policy of the State where it is sought to be enforced, or is there forbidden by law. Pope v. Hanke, 155 Ill., 617.

The trial court properly held that the declaration was insufficient in law, and the judgment will accordingly be affirmed.

*Affirmed.*