**A. H. Clark, for use of Tuscola Benefit & Building Association, Appellant, v. National Union Fire Insurance Company, Appellee.**

1. INSURANCE—*presumption as to mortgage clause.* It will be presumed that a mortgage clause attached to a policy was issued at the time of the execution of the mortgage and that it was issued for the purpose of protecting the rights of the usee named therein in the mortgaged property in case of fire.

2. INSURANCE—*when change in title does not affect policy.* If a policy provides that any change in title or ownership by mortgage or otherwise will invalidate the policy, such policy is not invalidated by a mortgage if attached to the policy is a mortgage clause making the loss, if any, payable to the mortgagee.

3. INSURANCE—*when authority to agents presumed to continue.* If a policy of insurance is issued by agents of the company such agency is presumed to continue until notice to the contrary has been given to the insured or other parties in interest.

Assumpsit. Appeal from the City Court of Mattoon; the Hon.

T. N. Cofer, Judge, presiding.  Heard in this court at the November term, 1909.  Reversed and remanded.  Opinion filed December 1, 1910.

F. N. Henley and Clarence W. Hughes, for appellant.

James Vause, Jr., for appellee.

Mr. Justice Philbrick delivered the opinion of the court.

This is an action brought by the Tuscola Benefit and Building Association against the appellee upon a policy of insurance, issued by it to Collins & Goar upon property owned by them.

After the issuance of the policy of insurance, a mortgage was given upon the property by Collins & Goar, to the usee herein.  After the execution of this mortgage Collins & Goar sold the property to A. H. Clark, nominal plaintiff.  After Clark received the conveyance of the property, the mortgage was renewed; a loss occurred by destruction of the property by fire and this suit is to recover for that loss for the benefit of the usee.

Trial was had below without a jury by agreement and on motion of appellee the court excluded all evidence and rendered a judgment in favor of appellee against appellant for costs and appellant prosecutes this appeal to reverse that judgment, urging as grounds for reversal that the court erred in excluding all evidence, in finding for appellee and rendering judgment against appellant.

The record in this case discloses that the policy of insurance sued on was issued by appellee through McCulloch & Hampson, its agents at Mattoon, Illinois; McCulloch & Hampson were at that time duly authorized to issue policies for appellee; the policy was issued and signed by them.  After the issuance of this policy, the mortgage from Collins & Goar was executed to usee.  This mortgage was executed while

McCulloch & Hampson were still agents of appellee.

After the execution of the mortgage a mortgage clause was attached to the policy by McCulloch & Hampson as agents. This clause bears no date. It will be presumed that it was issued at the time of the execution of the mortgage and that it was issued for the purpose of protecting the rights of the usee herein in the mortgaged property in case of fire. The record does not disclose the date when it was issued. The policy provided that any change in title or ownership by mortgage or otherwise would invalidate the policy. The issuance of the mortgage clause on this policy by its agents was notice to appellee of the execution of the mortgage and instead of cancelling the policy when it had such notice of the execution of the the mortgage by issuing the mortgage clause it will be deemed to have consented to the execution of the mortgage. Phenix Insurance Co. v. Lindley, 111 Ill. App. 266.

On March 6, 1907, consent to the transfer from Collins & Goar to Clark was endorsed upon the policy by McCulloch & Hampson as the agents of appellee. On June 26th, after this consent had been executed, A. H. Clark and wife executed a renewal of this mortgage to usee herein and upon the execution of this renewed mortgage the old mortgage was released of record. The policy was then in force with a mortgage clause providing for payment of loss to the mortgagee; the mortgagee was not changed, neither was the amount of the mortgage changed, it being but a continuance of the old mortgage and the execution of the new mortgage was not a payment of the old mortgage; before the policy had expired the property was destroyed by fire.

Appellee defends upon the ground that there was a change in the title or ownership of the property without its consent or knowledge, based upon the fact that at the time of the execution of the consent to the change of possession McCulloch & Hampson had ceased

to be the agents of appellee and had no authority to give consent and notice to them was not notice to appellee.

Appellee having issued this policy through McCulloch & Hampson, its authorized agents, and no notice was ever given by appellee to either Collins & Goar, the assured, or to anyone else interested in this policy, that McCulloch & Hampson had ceased to be its agents, A. H. Clark and the usee herein had the right to presume, without such notice, that McCulloch and Hampson continued to be the agents of appellee and had authority as such to make the endorsement made upon this policy by them.

Before appellee can be released from liability it is incumbent upon it to show notice to appellant that McCulloch and Hampson were not its agents at the time of these endorsements and the record shows that no such notice was ever given or attempted to be given or ever came to the appellant or anyone else interested in this policy and appellee cannot, after loss, take advantage of the cancellation of the authority of its agents to perform acts within the scope of the authority of such agents in the performance of their duties as such in connection with this policy; parties dealing with appellee through its duly authorized agents, McCulloch & Hampson, had the right to presume that this agent continued until notice to the contrary. Merchants Insurance Co. v. Oberman, 99 Ill. App. 357; The Watertown Fire Insurance Co. v. Rust, 141 Ill. 85.

It was error in the trial court to sustain the motion to exclude the evidence of appellant, and render a judgment in favor of appellee.

Numerous propositions of law were submitted but it is unnecessary to pass upon them as they will, undoubtedly, be corrected at another hearing in view of what has been said herein.

The judgment below is reversed and the cause remanded.

*Reversed and remanded.*