## Rebecca Irvin and Hardie Irvin, Appellees, v. Metropolitan-Hibernia Fire Insurance Company, Appellant.

1. PLEADING—*how sufficiency of declaration determined.* The sufficiency of a declaration must be determined from the declaration alone, and neither the evidence introduced nor the arguments on the trial or in the reviewing court are to be considered.

2. PLEADING—*waiver of objection to declaration by pleading to merits.* Objections to a declaration are waived by a plea to the merits, unless the declaration is so defective that it will not sustain the judgment.

Irvin v. Metropolitan-Hibernia Fire Ins. Co., 247 Ill. App. 562.

3. PLEADING—*cure of defects of declaration by verdict.* Unsubstantial defects of a declaration may be cured by a verdict.

4. INSURANCE—*rule of construction of insurance contract.* An insurance contract is to be interpreted by the same rules as other merchantable contracts, but where the meaning of such a contract is left doubtful by the company, the courts adopt a construction of it most favorable to the insured.

5. INSURANCE—*necessity to allege compliance with conditions which are not precedent.* In an action on an insurance policy, it is not necessary for the declaration to allege compliance with conditions which are not precedent.

6. INSURANCE—*sufficiency of averment in declaration of consideration to be paid to support judgment.* Where a declaration alleges the creation of an oral preliminary contract of insurance in partial consideration of a specified sum to be paid, failure to allege that such sum has been paid or waived does not make the declaration insufficient to support a judgment.

7. INSURANCE—*prima facie evidence establishing agency of person as fire insurance agent.* A copy of a certificate, authenticated by the director of trade and commerce, and filed by a fire insurance company with said director, certifying that it had complied with the laws of the State and that a named person, having been appointed by it as its agent to transact its business is authorized to act as its agent unless the license is terminated, and a like certificate that the company had appointed the named person agent to transact its business, are admissible in evidence in an action on an oral contract of insurance, and prima facie establish the agency of the named person to make contracts of insurance, issue policies, to receipt for premiums or to extend credit therefor.

8. INSURANCE—*effect of secret restriction of authority of fire insurance agent.* A fire insurance company is bound by an oral preliminary contract of insurance made by an agent who it had held out to the public as such, although the company had notified the agent not to write any insurance and to return all the company's papers, etc., to it, where it did not appear that public notice had been given that the agency had ceased, or that the company had terminated it, or that the insured had notice of such revocation, limitation or restriction of the authority of the agent.

9. AGENCY—*binding effect on third persons of secret instructions to agent.* The secret instructions of a principal to his agent are not binding on the public or on one who has had dealings with the agent acting within the apparent scope of his employment or agency.

Appeal by defendant from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the October term, 1927. Affirmed. Opinion filed January 20, 1928. Rehearing denied February 28, 1928.

KRAMER, KRAMER & CAMPBELL, for appellant.

M. V. JOYCE and L. P. ZERWICK, for appellees.

MR. JUSTICE WOLFE delivered the opinion of the court.

This was an action of assumpsit brought by the appellees against the appellant on an oral preliminary contract of insurance. The appellant has assigned, as one ground of error, the refusal of the trial court to sustain appellant's motion in arrest of the judgment of the lower court for the reason that the declaration does not state a cause of action, and is therefore insufficient to support the judgment. If the appellant is correct in this contention, further review of the record beyond an examination of the declaration would be unnecessary by this court. Therefore it is deemed advisable to first dispose of this point in the case.

The essential allegations of the declaration so far as the same are necessary to understand this opinion are as follows: That the defendant "in consideration of the payment by the plaintiff to the defendant of the sum of Thirty ($30.00) Dollars in cash, and for and in consideration of the agreement on the part of plaintiffs to pay to the defendant the further sum of Twenty-seven ($27.00) Dollars, entered into a verbal contract with the plaintiffs, whereby it agreed to issue an insurance policy, insuring the plaintiffs against loss or damage by fire to their two story frame paper roof building"; the declaration locates and describes the building of plaintiffs; declaration also alleges that the insurance was for the period of three years; also, that "and plaintiffs aver that they then and there paid to the defendant the said sum of $30.00 in cash and agreed to pay the defendant the further sum of $27.00 but that nevertheless the defendant failed, refused and neglected to issue and deliver to the plaintiffs the said policy of insurance"; that said building

on June 1, 1925, was totally destroyed by fire, and was of the value of $4,000; that defendant afterward denied the existence of said verbal contract and refused to issue and deliver to the plaintiffs the said policy, and refused to pay plaintiffs the loss sustained by reason of said fire to the damage of the plaintiffs of $3,000. To the declaration the defendant filed the plea of non-assumpsit.

Appellant's specific objection to the declaration is that it does not allege the payment, nor waiver thereof, of the $27 as balance on the premium for the insurance, nor does it allege a tender of said amount to the appellant. And to support this objection appellant cites a number of cases under the general proposition that a declaration must allege performance on the part of the plaintiff of his part of the contract before he can recover on any agreement and in particular under an action on an insurance policy.

The sufficiency of the declaration must be determined from the declaration alone and neither the evidence introduced nor the arguments on the trial or in this court are to be considered. (*O'Brien v. Chicago City Ry. Co.*, 293 Ill. 140.) However, where the defendant pleads to the merits, objections to the declaration are waived, unless the declaration is so defective that it will not sustain the judgment. (*Pittsburg, C., C. & St. L. Ry. Co. v. Robson*, 204 Ill. 254.) And it is also true that defects of a declaration, when not substantial, may be cured by a verdict. Also in the case of *Lassen v. Mitchell*, 41 Ill. 101, it is stated that the omission of an averment in a declaration may, in some instances, be cured by a verdict.

It also must be borne in mind that this is not an action on an insurance policy containing conditions precedent to be performed by the defendant in error, but the cause of action is based on a verbal contract of insurance. As is pointed out in the case of *Austin Fire Ins. Co. v. Brown*, — Tex. Civ. App. —, 160 S.

W. 974, the actions on an insurance contract and on an insurance policy are distinct forms of action. An insurance contract is to be interpreted and construed by the same rules as other merchantable contracts, but where the meaning of such a contract is left doubtful by the company, the courts adopt a construction of it most favorable to the insured. (*Cottingham v. National Mut. Church Ins. Co.*, 290 Ill. 26.) In an action on an insurance policy it is not necessary for the declaration to allege compliance with conditions which are not precedent. (See *Coen v. Denver Township Mut. Fire Ins. Co.*, 155 Ill. App. 332.)

In the case of *John Hancock Mut. Life Ins. Co. v. Schlink*, 175 Ill. 284, quoting from Richards on Insurance, the Supreme Court of Illinois says: "An agent of a life insurance company who is intrusted with the business of closing a contract by delivering the policy is held to have an implied authority to determine how the premium then due shall be paid, whether by cash, or, as is sometimes done, by giving credit, in which case the agent becomes the creditor of the insured and the debtor of insurer. In that event, though the agent subsequently defaulted and the money never reached the company, the policy would still be binding."

It is not to be assumed that the payment direct to the appellant, of the balance due on the total amount to be paid as premium on the policy agreed to be delivered to the appellees, was a condition precedent to the taking effect of the insurance. It is possible that the contract was completed by some understanding of the extension of credit, or otherwise, between the appellees and appellant's agent, and in fact appellees were in no wise indebted to the company. If appellant desired a fuller statement of its own contract with the appellees a demurrer should have been interposed to the declaration and it would then have appeared from the amended declaration if the payment of the $27 to the company was a condition—precedent. "A

demurrer is the proper proceeding to test the sufficiency of a pleading, and a party, by omitting to demur and pleading to the merits, is not in a position to claim the indulgence of the court.'' The above quotation is from the case of *Johnson v. Burnside,* 3 S. D. 230, 52 N. W. 1057, and in which case it was contended by the appellant therein that the complaint did not state a cause of action because it failed to allege that the plaintiff tendered to defendant a deed executed by the plaintiff in an action to recover possession of chattels which plaintiff surrendered to defendant for real estate which plaintiff alleged was worthless. It is also pointed out in *Johnson v. Burnside, supra,* and in *Mizzell v. Ruffin,* 118 N. C. 69, 23 S. E. 927, that there is a distinction between a defective statement of a good cause of action and a statement of a defective cause of action, and the former must be taken advantage of by a demurrer or the defect is waived.

Testing the declaration by the principles laid down in the above cases, and after a careful review of the cases cited by appellant, it is the opinion of the court that the declaration in this case is sufficient to support the judgment.

The appellant next contends that there is no evidence in the record to prove that one Brown, who was an insurance broker, was the agent of the appellant; and, also, that one Lingle, who is contended by appellees was the local agent of the appellant, had no knowledge, before the fire, of the transaction between appellees and said Brown, and, in fact, that said Lingle was not at that time the agent of appellant; also, that the court erred in overruling appellant's motions at the close of plaintiff's evidence and at the close of all the evidence to direct a verdict for the defendant; that the court erred in refusing the appellant's offer to prove that Lingle was not the agent of appellant.

It will therefore be necessary to review, briefly, the evidence bearing on these points. The evidence shows

568     APPELLATE COURTS OF ILLINOIS.

Irvin v. Metropolitan-Hibernia Fire Ins. Co., 247 Ill. App. 562.

that appellees lived in Golden Garden, a subdivision a few miles distant from East Saint Louis. On January 17, 1925, J. M. D. Brown, a school-teacher, came to their home and solicited insurance on their house. It was then agreed between the parties that the insurance was to be for $3,000 and for a term of three years. The premium amounted to $57, and $30 thereof was paid in cash to Brown who gave appellees his receipt for the cash payment. Appellees testified that Brown told them that the insurance was in force after the delivery of his receipt and that the policy, issued by appellant, would be delivered the next week; that the $27 could be paid when appellees had the money. Brown also gave them a card with the name of appellant and his own name and address thereon, and which was introduced in evidence. The house was destroyed by fire on June 1, 1925, before any insurance policy was delivered to appellees and before the payment of the $27.

After the fire, appellees and Brown called at the office of Irl L. Lingle, who, at one time at least, was the local agent of the appellant. When appellees entered the office of Lingle he inquired of Brown if appellees were the people who were in trouble at Golden Garden about their insurance. When informed that they were, Lingle said: "Well, I guess we will give you about $200.00." Lingle, also, as testified by appellees, said he would write to the company and see what it would do about the insurance. Appellees further testified that Brown told Lingle that he had paid him the $30 and which Lingle then admitted was true. Brown, as a witness for appellant, testified that he gave Lingle the $30 after the fire, and Brown testified that he reported to Lingle that he had collected $30 on the insurance shortly after he wrote it up.

To prove the agency of Lingle the appellees introduced in evidence, authenticated by the Director of Trade and Commerce of the State of Illinois, a copy

of a certificate filed by appellant with said director certifying that appellant had complied with the laws of the State of Illinois and that "Irl L. Lingle of East Saint Louis, having been appointed by said company" (the appellant) "as its agent is authorized to act as agent for said company to transact its business under said act of Illinois according to law until the 31st of January, 1924, unless this license be sooner revoked or otherwise terminated." And a like certificate that the appellant had appointed Irl L. Lingle of East Saint Louis agent for the transaction of its authorized business of insurance in the State of Illinois for the term ending January 31, 1925. A similar certificate was also introduced by appellees except that the license of appellant and Lingle's commission were to expire January 31, 1926. The transaction between Brown and appellees took place on January 17, 1925, the fire occurred on June 1, 1925, and the conversation in Lingle's office was had a few days after the fire.

These certificates were properly admitted in evidence and prima facie established the agency of Lingle to make contracts of insurance, issue policies, to receipt for premiums or extend credit therefor. (*Sun Ins. Office of London v. Mitchell*, 186 Ala. 420, 65 So. 143.) In opposition to this prima facie proof of agency, appellant offered to prove, by the witness Lingle, that on or about November 5, 1924, the head adjuster for the appellant visited Lingle and then instructed him not to write any further insurance for the company until further notice; and that a short time later appellant wrote a letter to Lingle that he was not to write any more insurance for the company until further notice, which letter was received by Lingle; and that a short time later Lingle received a telegram from the company to return all supplies and papers belonging to the company, which he had in his possession, and that such papers and supplies were returned to the company, and that Lingle had not written any

insurance for the appellant company after he received the verbal instructions from the adjuster. Appellant further offered to prove that the said head adjuster had authority to cancel the agency of said Lingle at said time and that Mr. Brown was not the agent of the company in January, 1925; and further that Lingle had received instructions from the company in August, 1924, to write no insurance on buildings outside of the city of East Saint Louis, not under fire protection.

The secret instructions of the principal to his agent are not binding on the public, or on one who has had dealings with the agent acting within the apparent scope of his employment or agency. (*Wilson v. Commercial Union Assur. Co.,* 51 S. C. 540, 64 Am. St. Rep. 700; *Merchants Ins. Co. v. Oberman,* 99 Ill. App. 357.) It does not appear from the offer of appellant that public notice had been given that Lingle's agency had ceased, or that the appellant had terminated such agency; nor does it appear that the commission of Lingle had been withdrawn; nor that public notice was given that Lingle was without authority to insure property outside of the city of East Saint Louis, not under fire protection. (*Springfield Fire & Marine Ins. Co. v. Davis,* 18 Ky. L. Rep. 654, 37 S. W. 582.) It does not appear in the record that appellees had notice of such revocation, limitation or restriction of the authority of Lingle.

There being evidence tending to prove that Lingle approved of the transaction between appellees and Brown, the trial court did not err in overruling appellant's motions, and this court cannot say, from a reading of the record, that the clear weight of the evidence is against the verdict of the jury.

The verdict of the jury was in favor of the appellees to the amount of $3,000, a remittitur of $27, and judgment for $2,973, and which judgment is hereby affirmed.

*Affirmed.*