## MacDONALD v. MILWAUKEE MECHANICS' INS. CO.
### No. 9318.

Circuit Court of Appeals, Seventh Circuit.
March 10, 1948.

Rehearing Denied April 12, 1948.

Writ of Certiorari Denied June 14, 1948.
See 68 S.Ct. 1514.

Donald N. Clausen, Jacob T. Pincus, Herbert W. Hirsh and Norman A. Miller, all of Chicago, Ill., for appellant.

Wyatt Jacobs and Charles E. Heckler, both of Chicago, Ill., for appellees.

Before KERNER and MINTON, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

Defendant appeals from a judgment which found it liable upon an oral contract of fire insurance between plaintiffs and defendant. This is the second trial in this cause; a first jury's verdict for the plaintiffs was set aside upon the motion of defendant and a new trial was allowed. The case was retried before a jury, from which verdict the judgment was entered. Reversal is sought on the grounds that it was error for the District Court not to have granted defendant's motion for a directed verdict before judgment, and not to have submitted to the jury the factual question as to whether defendant's employee, Anderson, had the authority to accept a fire insurance contract binding upon defendant.

During the period covered by the complaint, plaintiffs were co-partners engaged in a trailer manufacturing business, which was located at Bourbon, Indiana. On the

night of December 24, 1944, a fire destroyed the contents of plaintiffs' plant, which were valued at $32,796.51. Approximately five days previously, pursuant to the request of plaintiffs, the Charles U. Victor Co., licensed as an insurance broker in Illinois, sought to place by phone the controversial contract of fire insurance with defendant's Chicago office. From the evidence it appears that defendant was one of seven companies associated together in a group called the Loyalty Group Insurance Companies. It does not appear whether defendant was a domestic or foreign corporation, and perhaps that is immaterial, but in requesting a license for its agent, Anderson, in conformance with Illinois law, defendant designated its location as Milwaukee, Wisconsin.

The facts surrounding the transaction were that a general business relationship existed between defendant and Victor, which had extended over a period of some twenty years; that the orders for fire insurance were placed by both telephone and correspondence with defendant; that defendant had on one occasion previous to December 19, 1944, declined to insure the plaintiffs' plant; that Arthur O. Anderson was licensed by the Illinois State Director of Insurance to act as a fire insurance agent for defendant; that he carried the card on his person; that for two years prior to the fire he was the only agent representing defendant who personally called at the office of Victor; that his business card listed him as the superintendent of the bonding department of the Loyalty Group; that he was known by the Victor office manager only as the agent of defendant; that Anderson had never accepted any fire insurance from Victor; that he accepted fire insurance premiums on behalf of defendant; and that the alleged oral contract in question was placed over the telephone in a conversation between a Mrs. Pyrek, office manager of Victor, and Anderson.

The contents of the telephone conversation were in dispute. The one party's account was that defendant's agent, when reminded of the previous refusal to insure and the heavy volume of business between Victor and defendant, agreed to take the insurance, while the other's version was that he merely promised to speak to defendant's underwriter in order to determine whether the latter might reconsider the previous refusal and accept the insurance. In his instructions to the jury the judge explained that the sole question of fact to be determined was whether Anderson had accepted the insurance on behalf of defendant. The jury decided it adversely to defendant. Where a question of fact is raised by the proof we will not set aside the jury's findings. We must accept the findings unless there was error in the court's interpretation of the law or in the instructions given to the jury.

As we understand defendant, the contested issues are (1) whether it was error for the court not to have submitted the question of Anderson's agency to the jury, and (2) whether the court committed reversible error in rejecting evidence pertaining to previous dealings between the plaintiffs and defendant.

In regard to the question of Anderson's agency, defendant contends that the applicable statute providing for the licensing of insurance agents, Ill.Rev.Stat.1947, c. 73, § 587 et seq., is regulatory; that the issuance by the State's Director of Insurance of an agent's license merely qualifies the person receiving it and that in and of itself it does not authorize him to act as an agent; and that the statute does not alter the general law of agency to the effect that the agent has no power which is not expressly conferred upon him by the principal. In support of its contentions defendant cites Mutual Life Ins. Co. v. Hilton-Green, 241 U.S. 613, 36 S.Ct. 676, 60 L.Ed. 1202; Sun Ins. Office v. Scott, 284 U.S. 177, 52 S.Ct. 72, 76 L.Ed. 229; Aetna Life Ins. Co. v. Roewe, 7 Cir., 38 F.2d 393. We have examined these cases, but we disagree with the appellant as to their applicability here.

In the Hilton-Green case the insured permitted material misrepresentations to be made in his application for life insurance. A State statute designating certain persons as agents was held on the specific facts not to affect the true relationship of the parties, because the agents were also guilty of the fraud and their

knowledge, therefore, could not be imputed to the principal. In the Scott case, a State statute likewise designated certain persons as the agents of the insurer. The Supreme Court did not reject the effect of the statute, but held that the agent's knowledge of the insured's non-compliance with the contract was not a waiver of its express terms. In the Roewe case, this court was presented with the question of whether a person, admittedly the insurer's agent, was cloaked with the authority by an Illinois statute defining who were agents of foreign companies, to waive express conditions of the contract. The court held that the statute did not relate to such an answer. None of the foregoing cases stand for the proposition that an employee of an insurer, the recipient of a requisite State license authorizing him as an agent, is not an agent for the transaction of the authorized business of insurance within the State. Indeed, the original premise in the cases examined is that the persons designated by the State licensing insurance statutes as agents are just that. Our problem is to decide what the applicable law, Illinois, holds in regard to the question of the original agency premise.

As previously noted, the record does not disclose whether defendant was a foreign or domestic corporation. That is immaterial, because § 590 of the Act requires that:

"No person, * * * shall act as an agent, * * * without first procuring a license so to act fom the Director.

An agent is defined in § 588 as:

" * * * any person, * * * who or which solicits negotiates or effects in this State, on behalf of any company, contracts for insurance of any of the following kinds, namely:

" * * *, Fire * * *."

That Anderson, designated by defendant to receive a State certified agent's license, was the agent of defendant for the transaction of its authorized business within the terms of the statute is abundantly clear. The case law likewise is clear that the admission of evidence of the State authorization to act as agent is proper, and the evidence prima facie establishes the agency of the person named. Irvin v. Metropolitan-Hibernia Fire Ins. Co., 247 Ill.App. 562, 569. And it is unquestioned that the State has the right to designate who are the authorized or even the acting agents of an insurance company doing business within its jurisdiction. Continental Ins. Co. v. Ruckman, 127 Ill. 364, 20 N.E. 77, 11 Am.St. Rep. 121. The District Court would have been justified in submitting the question of Anderson's agency to the jury only if there was reason to believe that the insured had notice that defendant had revoked Anderson's authority or had limited it. Continental Ins. Co. v. Ruckman, supra, 127 Ill. 372, 20 N.E. 77; Hartford Fire Ins. Co. v. Farrish, 73 Ill. 166, 169; Irvin v. Metropolitan-Hibernia Fire Ins. Co., supra, 247 Ill.App 570. The only evidence adduced or offered to be adduced in this regard was the relationship between Anderson and defendant, which was not relevant to the burden of overcoming the evidence of agency status created by the State license. We conclude that Anderson was defendant's properly authorized agent and that no error was committed by the court in instructing the jury.

The second point relied on by defendant is that the court committed reversible error in refusing to admit evidence that defendant had previously refused to insure plaintiffs' property and an offer of proof that the reason for refusal was that it was a poor risk. It is difficult to see how this evidence is germane to the question of Anderson's agency. True, it does relate to the status of the business relationship between plaintiffs and the defendant and it is unquestioned that an insurer has the legal right to refuse to assume any risk it desires. Be that as it may, the rejected evidence and the offer of proof would not have established any new evidence except the reason for defendant's previous refusal to insure the property. It was conceded that defendant had previously refused to insure plaintiffs' property and that the Victor Company prior to the contract in question, never placed fire insurance with defendant through Anderson. The error, if any, is

harmless which excludes evidence which has already been established by other evidence. Lucas v. Brooks, 18 Wall. 436, 85 U.S. 436, 454, 21 L.Ed. 779. Drumm-Flato Commission Co. v. Edmisson, 208 U.S. 534, 538, 28 S.Ct. 367, 52 L.Ed. 606.

The judgment of the District Court is affirmed.